UNITED STATES of America, Plaintiff–Appellee,

v.

Makonnen MILES, Defendant–Appellant.

No. 01–3136.

United States Court of Appeals, Tenth Circuit.

Dec. 12, 2001.

Before SEYMOUR and McKAY, Circuit Judges, and BRORBY, Senior Circuit Judge.

ORDER AND JUDGMENT *

SEYMOUR, Circuit Judge.

Makonnen Miles was convicted in federal district court of two counts of conspiring to possess drugs with intent to distribute in violation of 21 U.S.C. § 846 and two counts of possessing drugs with intent to distribute in violation of 21 U.S.C. § 841(a)(1). He was sentenced to 240 months imprisonment. We affirmed his convictions and sentence on direct appeal. *See United States v. Miles*, No. 98–3202, 2000 WL 121281 (10th Cir. Feb.1, 2000).

■ Mr. Miles filed a pro se motion for collateral relief under 28 U.S.C. § 2255 asserting, inter alia, that he was convicted and sentenced in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).[1] The district court denied the motion. Mr. Miles then filed an application for a certificate of appealability (COA) with respect to the *Ap-*

*prendi* issue and several other issues which he had not previously raised in any of his pleadings.[2] The district court denied a COA on the *Apprendi* issue. The court construed the remaining issues as constituting a second or successive motion and referred those claims to us pursuant to *Coleman v. United States*, 106 F.3d 339 (10th Cir.1997) (per curiam).

■ Mr. Miles has appealed and filed an opening brief and an application for COA in which he again asserts he was convicted and sentenced in violation of *Apprendi*. In order to obtain a COA, Mr. Miles must show that the issue would be debatable among jurists, that a court could resolve the issues differently, or that the question deserves further proceedings. *See Slack v. McDaniel*, 529 U.S. 473, 483–8, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Mr. Miles also contends for the first time that his counsel was ineffective for failing to raise *Apprendi* claims at his trial and sentencing.

■ We first address the *Apprendi* issue, which was properly raised in district court. In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." *Apprendi*, 120 S.Ct. at 2362–63. Mr. Miles was charged with and convicted

---

* After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1. Because Mr. Miles is proceeding pro se, his pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

2. We note that, other than his *Apprendi* claim, Mr. Miles has not applied for a COA with respect to the issues he properly raised in district court and we therefore do not address them.

of violating 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1), crimes that do not require as an element of the offense a specific quantity of drugs. Under 21 U.S.C. § 841(b)(1)(C), he was subject to a maximum sentence of twenty years for a violation of these statutes regardless of the drug quantity involved. Because Mr. Miles' sentence of twenty years did not exceed the twenty-year statutory maximum penalty for the crimes of which he was convicted, there was no *Apprendi* violation. *See, e.g., United States v. Thompson*, 237 F.3d 1258, 1261–62 (10th Cir. 2001). Accordingly, we deny Mr. Miles' request for a COA on this claim.

■ The issues Mr. Miles raised for the first time in his post-judgment application for COA in the district court were properly construed as presenting a second or successive petition for habeas relief, which may only be filed upon authorization from this court. *See Coleman*, 106 F.3d at 340. We may certify such claims if the motion contains either newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty, or a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2255; *Coleman*, 106 F.3d at 341.

■ In his COA application in the district court, Mr. Miles alleged for the first time that his counsel was ineffective in failing to argue he should have been sentenced at the low end of the guideline range, that the court failed to inform him of the maximum term of supervised release, and that his counsel was ineffective in failing to argue he was sentenced under the wrong guideline. It is apparent from the face of these claims that they do not rest either on newly discovered evidence or a new rule of constitutional law. We therefore are not authorized to certify a second or successive motion raising such claims. *Id.*

■ Finally, we turn to the issues Mr. Miles raises for the first time on appeal. Mr. Miles claims his counsel was ineffective in failing to make challenges under *Apprendi* to the drug quantity set out in his presentence report, to the jury instructions, or to the fact that the drug quantities were proven only by a preponderance of the evidence. As a general rule, this court does not address arguments presented for the first time on appeal. *See Pierce v. Shorty Small's of Branson Inc.*, 137 F.3d 1190, 1192 (10th Cir.1998). To the extent that we may view Mr. Miles' new arguments as a request to certify them as a second or successive motion under section 2255, they are not subject to certification because they are not based on newly discovered evidence or a new rule of constitutional law. In any event, in light of our conclusion that *Apprendi* was not violated by Mr. Miles' trial and sentence, he cannot show the prejudice required to establish an ineffective assistance of counsel claim under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

In sum, we DENY Mr. Miles' application for a COA with respect to his *Apprendi* claim and dismiss his appeal. We DENY certification of his second or successive motions under section 2255.