**UNITED STATES, Appellee,**

v.

**Julio CONEO–GUERRERO,**
**Defendant, Appellant.**

No. 03–1563.

United States Court of Appeals,
First Circuit.

Feb. 3, 2004.

Julio Coneo–Guerrero on brief pro se.

Nelson Perez–Sosa, Assistant United States Attorney, H.S. Garcia, United States Attorney, and Sonia I. Torres–Pabon, Assistant United States Attorney,

Chief, Criminal Division, on brief for appellee.

Before LYNCH, LIPEZ and HOWARD, Circuit Judges.

PER CURIAM.

After carefully considering the briefs and record on appeal, we *affirm* the decision below.

The appellant could benefit from a retroactive application of Amendment 640 only if the amendment were listed as retroactive under U.S.S.G. § 1B1.10(c), or it served merely to clarify the existing guideline. *United States v. Prezioso*, 989 F.2d 52 (1st Cir.1993). The amendment satisfies neither condition. It is not listed under U.S.S.G. § 1B1.10(c), and it substantively changed the guideline by creating an entirely new cap on offense level. *See United States v. Diaz–Cardenas*, 351 F.3d 404 (9th Cir.2003); *United States v. Garcia*, 339 F.3d 116 (2nd Cir.2003).

*Affirmed.* Loc. R. 27(c).