# United States Court of Appeals
## For the First Circuit

No. 03-2364

UNITED STATES OF AMERICA,

Appellee,

v.

CARLOS HUMBERTO CABRERA-POLO,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Salvador E. Casellas, U.S. District Judge]

Before

Selya, Circuit Judge,

Coffin and Cyr, Senior Circuit Judges.

Robert Little, by appointment of the court, on brief for appellant.
H.S. Garcia, United States Attorney, Sonia I. Torres-Pabón and Thomas F. Klumper, Assistant United States Attorneys, on brief for appellee.

July 16, 2004

**SELYA**, **Circuit Judge**. Defendant-appellant Carlos Humberto Cabrera-Polo (Cabrera) pleaded guilty to participating in a drug conspiracy and was sentenced to serve a 78-month incarcerative term. He did not appeal. Subsequently, however, he moved to modify his sentence. The district court denied that motion and Cabrera now invites us to reverse that ruling. We decline the invitation.

The historical facts are largely undisputed. Agents of the Drug Enforcement Administration apprehended and detained Cabrera on November 20, 1998, after they caught him red-handed receiving a package of heroin at the Luis Muñoz Marín International Airport in Carolina, Puerto Rico. To cut to the chase, Cabrera eventually pleaded guilty to one count of a second superseding indictment charging conspiracy with intent to distribute between 700 grams and one kilogram of heroin. See 21 U.S.C. §§ 841(a), 841(b)(1)(B)(i), 846.

The district court sentenced Cabrera on October 26, 2001.[1] The presentence investigation report recommended a base offense level of 30. See USSG §2D1.1(c)(5). With a two-level reduction for acceptance of responsibility, see id. §3E1.1(a), his

---

[1]The November 2000 edition of the sentencing guidelines controls in this case. See United States v. Harotunian, 920 F.2d 1040, 1041-42 (1st Cir. 1990) ("Barring any ex post facto problem, a defendant is to be punished according to the guidelines in effect at the time of sentencing."). Thus, we refer throughout to that edition.

adjusted offense level was 28. Because Cabrera had no prior criminal record, the guideline sentencing range (GSR) was 78-97 months. The district court sentenced him to the bottom of the applicable range. He did not seek, and the district court did not grant, a so-called "safety valve" adjustment. See id. §§2D1.1(b)(6), 5C1.2; see also United States v. Ortiz-Santiago, 211 F.3d 146, 150 (1st Cir. 2000) (explaining the operation of the safety valve).

Although Cabrera did not appeal from these sentencing determinations, he later discovered a typographical error in the final judgment (which indicated that his crime was not completed until almost a year after his arrest). In view of this error, he moved to vacate the judgment pursuant to 28 U.S.C. § 2255. On April 30, 2003, the district court granted the motion, vacated the judgment, and then reentered it with a corrected description of the offense. The sentence itself remained unchanged.

Twenty-eight days later, Cabrera moved to modify his sentence. The gravamen of the motion was his argument that Amendment 640 to the sentencing guidelines, effective November 1, 2002, applied retroactively to his case and authorized the court to reduce his sentence by utilizing the safety valve adjustment.[2] The

---

[2]The amendment relates to USSG §2D1.1(b)(6). It states that if a defendant receives a downward adjustment for a mitigating role in the offense, "the base offense level under this subsection shall not be more than level 30." USSG supp. to App. C, amend. 640, at 263. It then adds a new application note, which explains in

government objected. In considering this motion, the district court did not address whether Amendment 640 applied retroactively or, indeed, whether it had any pertinence to Cabrera's case. Instead, the court disposed of the motion on the ground that Cabrera was ineligible for safety valve relief because of his managerial role in the offense of conviction. This appeal followed.

We are not committed to the district court's reasoning, but, rather, may affirm its order on any independent ground made apparent by the record. Intergen N.V. v. Grina, 344 F.3d 134, 141 (1st Cir. 2003); United States v. Nivica, 887 F.2d 1110, 1127 (1st Cir. 1989). In this instance, we believe that the district court proceeded too hastily to the merits. There is a logically antecedent question involving the propriety vel non of Cabrera's motion. We turn to that question.

In his brief, Cabrera classifies his motion as a motion to modify an imposed term of imprisonment. That taxonomy seems appropriate.[3] Consequently, we inquire first whether Cabrera's

relevant part that "[t]he applicability of [the safety valve] shall be determined without regard to whether the defendant was convicted of an offense that subjects the defendant to a mandatory minimum term of imprisonment." Id. at 264.

[3]In other circumstances, it might be possible to construe the motion as one under 28 U.S.C. § 2255 for modification or vacation of an illegal sentence. That option is not available to Cabrera because of his previous section 2255 motion. See Sepulveda v. United States, 330 F.3d 55, 66 (1st Cir. 2003) (noting restrictions on the bringing of "second or successive" section 2255 motions);

-4-

situation fits within the narrow confines of the statutory provision governing motions to modify judgments in criminal cases, namely, 18 U.S.C. § 3582(c).

Section 3582(c) grants federal courts a limited power to modify criminal sentences in specific types of situations. The statute limns three areas in which such relief may be available. Generally speaking, these areas are accessible if a defendant can show that (i) the requested change is expressly permitted either by statute or by Rule 35 of the Federal Rules of Criminal Procedure, (ii) the Sentencing Commission has revised the guidelines in a fashion that lowers the applicable GSR and clears the way for retroactive application of the revision, or (iii) certain extraordinary and compelling reasons exist that warrant a modification. This case does not implicate either the first or third areas, and Cabrera advances no argumentation that touches upon them. Therefore, we focus our attention on the second alternative.

The statute provides in pertinent part:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(*o*) . . . the court may reduce the term of imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

---

see also 28 U.S.C. § 2255, ¶ 8.

-5-

18 U.S.C. § 3582(c)(2). Cabrera argues that, in enacting Amendment 640, the Sentencing Commission effectively reduced the GSR applicable to his case and anticipated that the amendment would be applied retroactively. On this basis, he urges that section 3582(c)(2) authorizes reevaluation of his sentence.

We do not agree with this construct. By its terms, section 3582(c)(2) authorizes a reduction in sentence only if the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." For present purposes, two policy statements are germane.

The first of these policy statements says that "if a court applies an earlier edition of the Guidelines Manual, the court shall consider subsequent amendments, to the extent that such amendments are clarifying rather than substantive changes." USSG §1B1.11(b)(2). Thus, clarifying amendments — amendments that are purely expository — may be applied retroactively. See United States v. LaCroix, 28 F.3d 223, 227 n.4 (1st Cir. 1994); Isabel v. United States, 980 F.2d 60, 62 (1st Cir. 1992); see also David v. United States, 134 F.3d 470, 476 (1st Cir. 1998).

Though he does not fully brief the point, Cabrera argues by implication that one portion of Amendment 640 — providing that the safety valve is available regardless of whether there is a mandatory minimum sentence for the offense, see supra note 2 — merely clarifies the existing guideline. This is true as far as it

goes; indeed, the commentary to the amendment says this explicitly. See USSG supp. to App. C, amend. 640, at 265. But that language cannot be read in a vacuum. Amendment 640 also works a substantive change in the applicable guideline because its principal effect is to create a new offense level cap for safety valve purposes. See id. at 263. For that reason, the three courts that have passed upon the point (including this court, albeit in a non-precedential opinion) have pronounced Amendment 640 to be substantive in nature. See United States v. Diaz-Cardenas, 351 F.3d 404, 409-10 (9th Cir. 2003); United States v. Coneo-Guerrero, 86 Fed. Appx. 438, 439 (1st Cir. 2004) (per curiam); United States v. Smith, 68 Fed. Appx. 514, 514 (4th Cir. 2003) (per curiam).

A guideline amendment is either substantive or it is not. This amendment is substantive. See cases supra; see also United States v. Descent, 292 F.3d 703, 708 (11th Cir. 2002) (per curiam) (directing courts to look at the "significance of the amendment as a whole"). Amendment 640 is, therefore, not retroactive under the "clarification" doctrine.

This conclusion does not end our inquiry. The fact that a guideline amendment is substantive in character does not necessarily vitiate all hope that it may apply retroactively. See, e.g., Desouza v. United States, 995 F.2d 323, 324 (1st Cir. 1993) (per curiam); United States v. Havener, 905 F.2d 3, 4-5 (1st Cir. 1990). A second policy statement explains that a substantive

guideline amendment may be accorded retroactive effect if it is listed in USSG §1B1.10(c).  See USSG §1B1.10(a); see also United States v. Sanchez, 81 F.3d 9, 12 (1st Cir. 1996); Desouza, 995 F.2d at 324.  Here, however, the Sentencing Commission did not see fit to include Amendment 640 in the section 1B1.10(c) list.  Thus, that policy statement closes the door on  Cabrera's claim that the Sentencing Commission anticipated its retroactive application.  As the Commission itself has admonished:  "If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and thus is not authorized."  USSG §1B1.10(a).  For this reason, we agree with the Second Circuit that the Sentencing Commission's decision not to list Amendment 640 (which, as we have said, is substantive) in USSG §1B1.10(c) deprives the amendment of any possible retroactive effect.  United States v. Garcia, 339 F.3d 116, 120 (2d Cir. 2003) (per curiam).

We add a coda.  Based on the record before us, Cabrera seems at all times to have satisfied the plain language of the safety valve guideline.[4]  Had he raised his claim of entitlement to

---

[4]The reason given by the district court for withholding relief under the safety valve — Cabrera's supposed managerial role in the offense of conviction — would be no impediment.  After all, the court did not impose a role-in-the-offense enhancement at sentencing, and the absence of such an adjustment defeats the court's subsequent rationale.  See USSG §5C1.2, cmt. (n.5) (explaining that a defendant is ineligible for the safety valve by

the safety valve at sentencing and appealed a denial, he may well have succeeded in his quest.  See, e.g., Ortiz-Santiago, 211 F.3d at 152.  But Cabrera never raised the point at the disposition hearing, and to make matters worse, he took no direct appeal from the imposition of the sentence.  Those defaults are insurmountable in this proceeding.  After all, a motion to modify a sentence cannot be used as a substitute for a direct appeal.  United States v. Torres-Aquino, 334 F.3d 939, 941 (10th Cir. 2003) (finding that a defendant improvidently brought a section 3582 claim and explaining that "[a]n argument that a sentence was incorrectly imposed should be raised on direct appeal or in a [section 2255] motion").

We need go no further.  Because Cabrera's motion to modify his sentence lacks the necessary statutory grounding under 18 U.S.C. § 3582(c)(2), we refuse to disturb the district court's denial of that motion.

**Affirmed**.

---

virtue of a managerial role only if he has received a role-in-the-offense enhancement).