**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 23, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

MAKONNEN MILES,

      Defendant-Appellant.

No. 07-3048
(D.Ct. No. 97-CR-10068-MLB)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, and **BARRETT** and **BRORBY**, Senior
Circuit Judges.

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9(G). The case is
therefore ordered submitted without oral argument.

Appellant Makonnen Miles, a federal inmate appearing *pro se*, appeals the

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

district court's denial of his motion, filed pursuant to 18 U.S.C. § 3582(c)(2), which seeks a reduction of his 240-month sentence. We exercise jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291 and affirm the district court's order denying a sentence reduction.

A jury found Mr. Miles guilty of two counts of conspiracy to possess with intent to distribute cocaine base and two counts of possession with intent to distribute cocaine and cocaine base in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1) and 846. *See United States v. Miles*, 203 F.3d 836, 2000 WL 121281, at *1 (10th Cir. Feb. 1, 2000) (unpublished op.) (*Miles I*). On July 16, 1998, the district court sentenced him to 240 months imprisonment. *Id.* at *1. This court affirmed Mr. Miles's conviction on direct appeal. *See id.* at **1-4. Thereafter, Mr. Miles filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence on various grounds. *See United States v. Miles*, 25 Fed. Appx. 773, 2001 WL 1580951, at *1 (10th Cir. Dec. 12, 2001) (unpublished op.) (*Miles II*). The district court denied the motion, after which this court denied Mr. Miles's application for a certificate of appealability on his *Apprendi* claim, considered his other arguments as a second or successive motion under § 2255, denied certification of his second or successive motion, and dismissed his appeal. *Id.* at **1-2.

On September 15, 2003, Mr. Miles filed a *pro se* § 3582(c)(2) motion to modify his 240-month sentence. He based his motion on Amendment 640 to United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") § 2D1.1(a)(3), which states: "**Amendment:** Section 2D1.1(a)(3) is amended by striking 'below.' and inserting ', except that if the defendant receives an adjustment under §3B1.2 (Mitigating Role), the base offense level under this subsection shall be not more than level 30.'." U.S.S.G., App. C, Vol. II at 264-66 (effective Nov. 1, 2002). Because he received a reduction under § 3B1.2 for his mitigating role, Mr. Miles claimed the district court should have reduced his offense level of 34 by more than two levels under U.S.S.G. § 3B1.2, for a total offense level of 30, rather than the applied total offense level of 32. In sum, he argued application of Amendment 640 should reduce the sentencing range applicable to his term of imprisonment.

On September 30, 2003, the district court denied Mr. Miles's § 3582(c)(2) motion on grounds the amendment: 1) was substantive, and not clarifying; 2) became effective on November 1, 2002, which was after Mr. Miles's July 1998 sentence; and 3) is not retroactive under U.S.S.G. § 1B1.10. *See* U.S.S.G. § 1B1.10(c) and cmt. n.2.[1] Mr. Miles did not appeal the order.

---

[1] Section 1B1.10(c) lists the amendments which may apply retroactively and does not include Amendment 640. In addition, application note 2 expressly

(continued...)

On October 26, 2004, Mr. Miles filed a subsequent motion to vacate under 28 U.S.C. § 2255, which the district court dismissed as moot. The record does not disclose the grounds on which Mr. Miles filed the successive § 2255 motion. On January 16, 2007, over three years after Mr. Miles filed his initial § 3582(c)(2) motion, he again filed a *pro se* motion for reduction of sentence under § 3582(c)(2) on the same grounds as his initial § 3582(c)(2) motion; i.e., regarding the application of Amendment 640. On January 25, 2007, the district court issued an order denying the motion and explaining Mr. Miles's motion was substantially identical to his 2003 motion, which it had also denied.

Mr. Miles now appeals the district court's January 25, 2007 order, insisting Amendment 640 clarifies § 3B1.2, and therefore his offense level should have been reduced. We assume, but do not know whether he brought the instant motion and appeal on the same grounds as his first § 3582(c)(2) motion in a concerted attempt to remedy his failure to timely appeal denial of that initial motion. While we construe *pro se* pleadings liberally, an appellant's *pro se* status does not excuse his obligation to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure, including filing a timely

---

[1](...continued)
states that in determining the amended Guidelines range, the court should substitute only the amendments listed in subsection (c) and that "[a]ll other guideline application decisions remain unaffected." U.S.S.G. § 1B1.10, cmt. n.2.

appeal of an order disposing of the issue of contention. *See Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). Nevertheless, we will, in this instance, consider his appeal for the purpose of resolving the issue raised and thereby foreclose any future litigation on the subject by him.

In so doing, "[w]e review *de novo* the district court's interpretation of a statute or the sentencing guidelines." *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997) (quotation marks and citation omitted). When a "motion for sentence reduction is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, the viability of [the] motion depends entirely on 18 U.S.C. § 3582(c)." *Id.* at 540 (quotation marks, citation, and alteration omitted). Section 3582(c) allows the court to modify a sentence in only three limited circumstances, including: 1) on motion of the Director of the Bureau of Prisons if special circumstances exist; 2) if otherwise expressly permitted by statute or Federal Rule of Criminal Procedure 35; or 3) if the sentencing range is subsequently lowered by the Sentencing Commission. *Id.* at 540-41. Mr. Miles's motion is premised on the last circumstance – a reduction of the sentencing range applicable to him.

Having reviewed the record and briefs on appeal, we conclude the district court did not err in denying Mr. Miles's motion to modify his sentence under § 3582(c)(2). As the district court aptly explained in its initial order on the

-5-

matter, Amendment 640 is not listed in § 1B1.10(c), and therefore a reduction of his sentence under § 3582(c)(2) is not authorized and he is not entitled to relief under that provision. *See United States v. Torres-Aquino*, 334 F.3d 939, 941 (10th Cir. 2003). *See also United States v. Cabrera-Polo*, 376 F.3d 29, 32-33 (1st Cir. 2004) (pointing out that because Amendment 640 is not listed in § 1B1.10(c), the Sentencing Commission did not anticipate its retroactive application).

We also reject Mr. Miles's suggestion Amendment 640 should be given retroactive application because it is a "clarifying" amendment rather than a "substantive" amendment.

> The question whether an amendment to the guidelines is clarifying or substantive goes to whether a defendant was correctly sentenced under the guidelines in the first place, not to whether a correct sentence has subsequently been reduced by an amendment to the guidelines and can be modified in a proceeding under § 3582(c)(2).

*Torres-Aquino*, 334 F.3d at 941. "An argument that a sentence was incorrectly imposed should be raised on direct appeal or in a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255."[2] *Id.* As a result, the clarifying

---

[2] As stated by this court in Mr. Miles's previous § 2255 appeal, "a second or successive petition for habeas relief ... may only be filed on authorization from this court," and:

> [w]e may certify such claims if the motion contains either newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty, or a new rule of constitutional law made

(continued...)

question raised by Mr. Miles may not be reached in addressing his § 3582 motion, making the question of whether the district court applied the correct version of § 2D1.1(a)(3) or § 3B1.2 immaterial to our decision. Similarly, the fact the district court reached a decision on the substantive nature of the amendment in denying the motion does not change the result. *Id.* Thus, while we need not consider whether Amendment 640 is substantive for the purpose of this appeal, we do note it has previously been deemed "substantive," and "therefore, not retroactive under the 'clarification' doctrine." *Cabrera-Polo*, 376 F.3d at 32.

Accordingly, for the reasons stated herein, we **AFFIRM** the district court's order denying a sentence reduction under 18 U.S.C. § 3582(c)(2). We further **GRANT** Appellant's application to proceed without prepayment of fees.

However, we admonish Mr. Miles for filing duplicate § 3582(c)(2) motions on the same Amendment 640 issue. The district court has considered and rejected the issue twice – the latter of which we affirmed on appeal and has now been fully adjudicated. We caution Mr. Miles further filings on this issue or any other fully adjudicated matters may result in an order asking him to show cause why

---

[2](...continued)
retroactive to cases on collateral review by the Supreme Court.

*Miles II* at *1 (relying on *Coleman v. United States*, 106 F.3d 339, 340-41 (10th Cir. 1997) (*per curiam*)).

this court should not limit his future filings and provide for sanctions.  *See Andrews v. Heaton*, 483 F.3d 1070, 1077-78 (10th Cir. 2007).  We further caution Mr. Miles that the fact he is a *pro se* litigant does not prohibit the court from imposing such sanctions on him.  *See Haworth v. Royal*, 347 F.3d 1189, 1192 (10th Cir. 2003).

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge