AMENDED DLD-342                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1445
_____

UNITED STATES OF AMERICA

v.

FREDERICK RICHARD KELSEY

Frederick Kelsey,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2:08-cr-00687-001)
District Judge:  Honorable Paul S. Diamond

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 14, 2016

Before: CHAGARES, GREENAWAY, JR., AND GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed August 31, 2016)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Frederick Richard Kelsey, a federal prisoner proceeding pro se, appeals from the District Court's order denying his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). We will summarily affirm.

I.

In 1994, Kelsey pleaded guilty to one count of conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846 and one count of distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1). The District Court calculated Kelsey's total offense level at 34 for purposes of sentencing under the Sentencing Guidelines. This calculation was based on a finding by the court that Kelsey was responsible for between 5.75 kilograms and 8.6 kilograms of cocaine powder, and included a two-level upward adjustment for obstruction of justice. Kelsey ultimately received a sentence of 158 months in prison and two five-year terms of supervised release, to run concurrently following his imprisonment. We affirmed the judgment of conviction and sentence, C.A. No. 98-7362, and the Supreme Court denied Kelsey's petition for writ of certiorari. Kelsey subsequently filed post-conviction motions, including a motion under 28 U.S.C. § 2255.

In November 2012, after he completed his prison term but while he was still on supervised release, Kelsey was again indicted by a federal grand jury, this time for his role in an oxycodone distribution ring. In April 2013, he pleaded guilty to conspiracy to

distribute controlled substances in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). He received a 96-month sentence for that offense.[1]

In March 2014, the District Court held a hearing on the United States Probation Office's petition to revoke Kelsey's term of supervised release on his earlier drug trafficking conviction based upon his later case. After hearing from the Government, Kelsey's counsel, and Kelsey, the District Court imposed a sentence of 37 months in prison to be served consecutively to the 96-month prison term on the oxycodone conspiracy conviction. Kelsey filed a timely appeal, and we affirmed the District Court's sentence. C.A. No. 14-1611.

In January 2016, Kelsey filed a § 3582(c)(2) motion. In the motion, he sought to have his 37-month sentence eliminated or, alternatively, run concurrently with the federal sentence he is now serving. In support, Kelsey claimed that his original 158-month sentence should have been reduced under U.S.S.G. Amendments 706 and 750, which reduced the offense levels for crack cocaine. Kelsey claimed, among other things, that had he received the benefit of those amendments his supervised release would have expired before he was charged in the new case, thereby insulating him from additional punishment. The District Court denied the motion on the grounds that § 3582(c)(2) does not apply to supervised release violations. Kelsey appeals. He also seeks the

_____

[1] This sentence was subsequently reduced to 77 months following a successful § 3582(c)(2) motion. The proceedings in that case do not have any bearing on the motion at issue in this appeal.

appointment of counsel and asks that we expedite his request for the appointment of counsel.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. When, as here, "the district court determines that a defendant is ineligible for relief under 18 U.S.C. § 3582(c)(2), our review is plenary." United States v. Weatherspoon, 696 F.3d 416, 420 (3d Cir. 2012). We may affirm for any reason supported by the record. United States v. Cabrera-Polo, 376 F.3d 29, 31 (1st Cir. 2004). We may take summary action if it clearly appears that this appeal fails to present a substantial question. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

## III.

Under § 3582(c)(2), a court may reduce a sentence if the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Amendments 706 and 750 lowered the base offense levels for drug quantities involving crack cocaine. Kelsey's base offense level, however, was determined following an evidentiary hearing in which the District Court calculated Kelsey's offense level based on the amount of cocaine powder involved. Amendments 706 and 750 thus did not affect Kelsey's sentencing range.

In opposing summary action, Kelsey asserts that the District Court misconstrued his motion because he was not seeking to reduce his 37-month supervised release sentence, rather he was seeking to eliminate that sentence through a retroactive reduction of his underlying prison term. We find no error in the District Court's ruling, as Amendments 706 and 750 did not affect Kelsey's sentence.

IV.

Accordingly, we will affirm the judgment of the District Court. Kelsey's motions for the appointment of counsel and to expedite the appointment of counsel are denied.