**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1074
_____

UNITED STATES OF AMERICA

v.

PERRY S. LANDON, JR.,
Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 1:07-cr-00237-001)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 26, 2016

Before: AMBRO, GREENAWAY, JR., and GARTH♦, Circuit Judges

(Opinion filed: October 7, 2016)
_____

OPINION*
_____

_____

♦ The Honorable Leonard I. Garth joined in the opinion of the Court but passed away
prior to the filing of the opinion. This opinion is filed by a quorum of the court. 28 U.S.C.
§ 46 and Third Circuit IOP 12.1(b).

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Perry S. Landon, Jr., a federal prisoner proceeding pro se, appeals the District Court's order denying his motion requesting a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). For the reasons that follow, we will affirm.

I.

In 2008, Landon pleaded guilty to one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841. According to the record and Landon's Presentence Investigation Report (PSR), Landon's sentencing range ultimately came out the same under both the drug and the career offender guidelines of the U.S. Sentencing Guidelines Manual.[1] Under both calculations, Landon's sentencing range was 151 months to 188 months. The District Court imposed a sentence of 151 months in prison.

In April 2015, Landon filed a motion under 18 U.S.C. § 3582(c)(2). He sought to have his sentence reduced based on Amendment 782 to the U.S. Sentencing Guidelines, which lowered by two the base offense assigned to particular drug quantities. The District Court appointed counsel, who sought to withdraw after determining that Landon was not eligible for a sentencing reduction because of his status as a career offender. The District Court denied Landon's motion, and he appeals.[2]

_____

[1] Although the District Court did not expressly discuss the career offender guideline at sentencing, it adopted the PSR in full, with one exception not relevant to this appeal.

[2] The order denying Landon's motion to reduce or modify his sentence was entered on December 4, 2015. He had 14 days, or until December 18, 2015, to file a notice of

2

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We generally review a district court's denial of a motion for reduction of sentence under § 3582(c)(2) for abuse of discretion. United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009). When a district court concludes that a defendant is not eligible for relief under § 3582(c)(2), however, our review is plenary. United States v. Weatherspoon, 696 F.3d 416, 421 (3d Cir. 2012). We may affirm for any reason supported by the record. United States v. Cabrera-Polo, 376 F.3d 29, 31 (1st Cir. 2004).

III.

In his brief, Landon claims that the District Court's use of the drug guideline in computing his sentence entitles him to a sentencing reduction under Amendment 782. The Government disputes this claim and argues that Landon is not entitled to a sentence reduction under the amendment. We agree with the Government.

A district court generally cannot "modify a term of imprisonment once it has been imposed" unless a defendant is eligible for a reduction pursuant to 18 U.S.C. § 3582(c). Section 3582(c)(2) allows for a reduction if: (1) the sentence was "based on a sentencing

---

appeal. See Fed. R. App. P. 4(b)(1)(A); United States v. Brown, 817 F.3d 486, 488-89 (6th Cir. 2016). Landon, however, did not file his notice of appeal until December 22, 2015, at the earliest. See Houston v. Lack, 487 U.S. 266, 276 (1988). Nevertheless, we decline to dismiss this appeal as untimely for three reasons: the District Court effectively extended the time for Landon to appeal in its January 11, 2016, order; the time requirements of Federal Rule of Appellate Procedure 4(b) are not jurisdictional, see Gov't of the V.I. v. Martinez, 620 F.3d 321, 328-29 (3d Cir. 2010); and the Government has not sought to dismiss the appeal as untimely.

3

range that has been subsequently lowered by the Sentencing Commission"; and (2) "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); United States v. Fleming, 723 F.3d 407, 410 (3d Cir. 2013).

In this case, Landon does not satisfy § 3582(c)(2)'s second requirement, as the applicable policy statement precludes a sentencing reduction under Amendment 782. "The applicable policy statement instructs that any reduction in sentence is… not authorized by 18 U.S.C. § 3582(c)(2) if an amendment 'does not have the effect of lowering the defendant's applicable guideline range.'" Mateo, 560 F.3d at 154 (quoting U.S.S.G. 1B1.10(a)(2)(B)). The guidelines provide that "if the offense level for a career offender is… greater than the offense level otherwise applicable, the [career offender] offense level… shall apply." U.S.S.G. § 4B1.1; see, e.g., United States v. Thompson, -- F.3d --, Nos. 15-3086 & 15-3107, 2016 WL 3163078, at *5 (3d Cir. June 7, 2016) (using the career offender guideline as the applicable guideline range in deciding § 3582(c)(2) appeal of career offenders whose original sentences were based on ranges under the drug guideline). Therefore, even if Landon qualified for the amendment's reduction, it would not change the applicable guideline range because the higher offense level for a career offender under the guidelines would apply. Because Landon would be sentenced under the same guideline range under U.S.S.G. § 4B1.1, regardless of the amendment, he is not eligible to have his sentence reduced under 18 U.S.C. § 3582(c)(2).

4

IV.

Accordingly, we will affirm the judgment of the District Court.