**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2766
_____

UNITED STATES OF AMERICA


v.

ADRIAN MCKENZIE,
a/k/a C/O Mac

Adrian McKenzie,
                              Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2:05-cr-00440-020)
District Judge:  Honorable R. Barclay Surrick

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 20, 2017

Before: GREENAWAY, JR., VANASKIE and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 28, 2017)
_____

OPINION[*]
_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Federal prisoner Adrian McKenzie appeals from the District Court's May 25, 2016 order, which reduced his sentence pursuant to 18 U.S.C. § 3582(c)(2). McKenzie argues that he should have received a larger sentence reduction. For the reasons that follow, we are unpersuaded by his arguments, and we will affirm the District Court's judgment.

I.

In 2008, McKenzie pleaded guilty in the Eastern District of Pennsylvania to one count of conspiracy to distribute five kilograms or more of cocaine and 50 grams or more of cocaine base. The charges arose out of McKenzie's role in a 22-defendant, multi-year, drug-trafficking operation. During an approximately two-and-a-half-year period, McKenzie served as a bodyguard for Alton Coles, the operation's leader. McKenzie received a sentence of 180 months in prison.

Of relevance to this appeal, the Presentence Report (PSR) stated that McKenzie "is held accountable for conspiring to distribute five kilograms or more of cocaine and 50 grams or more of cocaine base (crack)." PSR, ¶ 43. While that quantity carried a base offense level of 32, the PSR assigned McKenzie a base offense level of 38, which applied to offenses involving at least 150 kilograms of cocaine or 4.5 kilograms of cocaine base. McKenzie received a two-level enhancement for gun possession and a three-level reduction for acceptance of responsibility, resulting in a total offense level of 37. With a criminal history score in category I, his Guidelines range came out to 210 months to 262 months, and his sentence reflected a 30-month downward variance. At sentencing, neither party nor the Court noted the discrepancy between the drug quantity and the base

offense level.  McKenzie appealed, and this Court summarily affirmed in light of the plea

agreement's appellate waiver.  C.A. No. 09-2967 (order entered Oct. 13, 2009).[1]

In July 2010, McKenzie filed a § 3582(c)(2) motion seeking to modify his

sentence to account for the discrepancy between the drug quantity and the base offense

level.  Court-appointed counsel subsequently filed a motion to recharacterize this

§ 3582(c)(2) motion as a § 2255 motion and raised an ineffective assistance of counsel

claim and a related due process claim.[2]  During the pendency of the motion, McKenzie's

attorney filed a § 3582(c)(2) motion relying on Amendment 782, which lowered by two

the base offense level for particular drug quantities.  The District Court held a hearing to

address both the § 3582(c)(2) motion and the outstanding § 2255 motion.  At the hearing,

McKenzie was represented by counsel, and the parties agreed that the disposition of the

§ 3582(c)(2) motion would resolve both matters.  Specifically, the Government conceded

that if the base offense level was supposed to be 32, then counsel was ineffective.  Doc.

1721 at 4.

For his part, McKenzie argued that he should be resentenced based on the drug

quantity listed in his PSR.  He asked for a mandatory-minimum sentence of 120 months,

since the corresponding total offense level resulted in a Guidelines range of 87 months to

108 months.  The Government responded that McKenzie's original base offense level

---

[1] In his response to the Government's motion for summary affirmance, McKenzie raised
a challenge about his eligibility for the so-called safety-valve under 18 U.S.C. § 3553(f);
he did not address the calculation of his base offense level.

[2] For reasons not clear from the record, the counseled motion to recharacterize
McKenzie's pro se motion as a § 2255 motion remained pending before the District Court
for about four years.

3

was correct, despite the discrepancy between the drug quantity and the base offense level. Doc. 1677 at 10-11 ("The record plainly demonstrates that the Court, and indeed all parties at sentencing, believed that McKenzie was responsible for the quantities that triggered a base offense level of 38."). At the end of the hearing, the District Court partially granted McKenzie's § 3582(c)(2) motion, reducing his sentence from 180 months to 168 months but declining a further reduction that would have reflected a revised base offense level.

In a separate written order, the District Court later dismissed McKenzie's § 2255 motion. In that order, the District Court determined that counsel was not ineffective because McKenzie "was totally familiar with the wide ranging activities of this drug conspiracy." Doc. 1728 at 1 n.1. The District Court continued, "The extensive testimony regarding the volume of drugs involved during the trials of the [Alton Coles Cocaine Gang] defendants and the facts that Defendant admitted at the time of his guilty plea fully support a finding that Defendant was accountable for conspiring to distribute 150 kilograms or more of cocaine and 8.4 kilograms or more of cocaine base. Clearly this is why at sentencing no one objected to the use of a Base Offense Level of 38." Id. McKenzie appealed, and this Court denied a certificate of appealability, determining that McKenzie "ha[d] not shown that he was arguably prejudiced by counsel's performance, such that had counsel objected, there was a reasonable probability of a different result." C.A. No. 16-3299 (order entered Dec. 15, 2016). McKenzie's § 3582(c)(2) appeal is now before us.

## II.

4

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[3] See, e.g., United States v. Mateo, 560 F.3d 152, 154 n.1 (3d Cir. 2009). We review a district court's interpretation of the Sentencing Guidelines de novo and its decision to grant or deny a § 3582(c)(2) motion for abuse of discretion. Id. at 154. We review a district court's findings of fact for clear error. See United States v. Grier, 475 F.3d 556, 570 (3d Cir. 2007) (en banc); United States v. Benitez, 822 F.3d 807, 810-11 (5th Cir. 2016). We may affirm for any reason supported by the record. United States v. Cabrera-Polo, 376 F.3d 29, 31 (1st Cir. 2004).

III.

A district court may reduce the sentence of a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); see also U.S.S.G. § 1B1.10(a). In this case, the District Court reduced McKenzie's sentence by 12 months, which was consistent with a reduction of his original base offense level. The District Court, however, determined McKenzie was not entitled to a further reduction based on its conclusion that his offense involved the distribution of 150 kilograms or more of cocaine or 8.4 kilograms or more of crack. Although the District Court could have been clearer at the hearing in making a specific drug quantity finding, it stated that the record supported a base offense level of 38:

_____

[3] In its brief, the Government argues that our jurisdiction rests under 18 U.S.C. § 3742. See Appellee's Br. at 18-21. We need not reconsider the issue here, as it does not affect the outcome of this appeal.

5

Well with regard to the mistake that was made here, I – I think the record reflects I reviewed the sentencing transcript. And I think the Court in the course of that hearing expressed what the Court felt was Mr. McKenzie's participation in this vast conspiracy.

We indicated, quite frankly, to him that he was – the Court was of the opinion that he was much more involved in this situation than he wanted to admit. I don't believe that a mistake was made in the presentence was one that would reduce the offense level from the 38 down to a 32.

I don't believe that that is appropriate. I'm satisfied that he – Mr. McKenzie is certainly entitled to a reduction in his sentence, but I think, again, that looking at the amendment, that reduction brings him down to a guideline of 168 to 210 months.

Doc. 1721 at 13.

The District Court's ruling on McKenzie's § 3582(c)(2) motion is also consistent with its order stating that McKenzie was not entitled to relief under § 2255. In that § 2255 order, which is noted above, the District Court determined that the record in the case "fully support[s]" a finding of drug quantities resulting in a base offense of 38. In light of these determinations from the District Court, McKenzie has not shown that the District Court erred in resolving his § 3582(c)(2) motion.

## IV.

Accordingly, we will affirm the District Court's May 25, 2016 order.

6