**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 2 2003**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JESUS TORRES-AQUINO,
also known as Tomas Perez-Ruiz,
also known as Simon Sanchez,

      Defendant-Appellant.

No. 02-2075

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
**(D.C. Nos. CR-00-1021-JC & CIV-02-121-JC)**

---

Submitted on the briefs:

Jesus Torres-Aquino, Pro Se.

David C. Iglesias, United States Attorney, Laura Fashing, Assistant U.S. Attorney, Albuquerque, New Mexico, for Plaintiff-Appellee.

---

Before **SEYMOUR** , **EBEL** , and **O'BRIEN** , Circuit Judges.

---

**O'BRIEN** , Circuit Judge.

This case presents the question whether Amendment 632 to the sentencing guidelines can be applied retroactively under 18 U.S.C. § 3582(c)(2) to reduce a defendant's previously imposed sentence. We hold it cannot. [1]

Defendant pleaded guilty to reentering the United States illegally as a deported alien previously convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a)(1), (2), and (b)(2). He did not enter into a plea agreement. The district court determined defendant's sentence by applying the then-existing version of USSG § 2L1.2(b)(1)(A), which called for a sixteen-level increase for a defendant previously convicted of an aggravated felony. Based on a total offense level of twenty-one, the district court sentenced defendant to forty-one months' imprisonment, at the low end of the guideline range.

Effective November 1, 2001, the Sentencing Commission promulgated Guidelines Amendment 632, which amended § 2L1.2(b)'s aggravated-felony enhancement to provide for an increase of eight to sixteen levels according to the seriousness of the earlier aggravated felony. See USSG Supp. to App. C at 222-25 (Nov. 1, 2001); USSG § 2L1.2(b) (Nov. 1, 2001). In response, defendant filed a pro se motion to modify his sentence under 18 U.S.C.

---

[1]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

§ 3582(c)(2), arguing that Amendment 632 had lowered the authorized term of imprisonment. The district court denied the motion and defendant appealed. The government concedes on appeal that if Amendment 632 were to be applied retroactively to this defendant, he would receive an eight-level increase for his prior aggravated felony conviction instead of a sixteen-level increase, and the applicable guideline range would be fifteen to twenty-one months. Aplee. Br. at 5 n.4.

We review de novo a district court's interpretation of the sentencing guidelines. United States v. Torres, 99 F.3d 360, 362 (10th Cir. 1996). Under 18 U.S.C. § 3582(c)(2), a court may reduce a previously imposed sentence if the Sentencing Commission has lowered the applicable sentencing range and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The relevant policy statement, USSG § 1B1.10(a), states that "[i]f none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and thus is not authorized." Amendment 632 is not listed in § 1B1.10(c). As a result, defendant is not entitled to relief under § 1B1.10. See United States v. Avila, 997 F.2d 767, 768 (10th Cir. 1993) (per curiam).

Both parties argue that the district court can nevertheless give retroactive effect to Amendment 632 if it is clarifying rather than substantive–they dispute only whether it is clarifying or substantive. The premise is mistaken, however. The question whether an amendment to the guidelines is clarifying or substantive goes to whether a defendant was correctly sentenced under the guidelines in the first place, not to whether a correct sentence has subsequently been reduced by an amendment to the guidelines and can be modified in a proceeding under § 3582(c)(2). An argument that a sentence was incorrectly imposed should be raised on direct appeal or in a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Cf. United States v. Thompson, 281 F.3d 1088, 1089, 1092-93 (10th Cir.) (direct appeal), cert. denied, 123 S. Ct. 288 (2002); United States v. Kissick, 69 F.3d 1048, 1051-53 (10th Cir. 1995) (§ 2255). Because defendant proceeded exclusively under § 3582(c)(2), we have no occasion to consider whether Amendment 632 was clarifying or substantive and the district court should not have reached the question. Amendment 632 is not listed in § 1B1.10(c), and a reduction of defendant's sentence under § 3582(c)(2) was "not authorized." § 1B1.10(a).

The judgment of the United States District Court for the District of New Mexico is AFFIRMED. The mandate shall issue forthwith.