**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 11 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

FLORENTINO RODRIGUEZ-
GARCIA,

      Defendant-Appellant.

No. 02-4234
(D.C. No. 2:01-CV-759-K
& 2:00-CR-262-K)
(D. Utah)

**ORDER AND JUDGMENT** *

Before **EBEL**, **HENRY**, and **MURPHY**, Circuit Judges.

      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Florentino Rodriguez-Garcia, a federal prisoner proceeding pro se, appeals from the district court's order denying his motion to vacate, set aside, or correct his sentence filed pursuant to 28 U.S.C. § 2255. This court granted a certificate of appealability (COA) on the following issue: whether his trial counsel was constitutionally ineffective for failing to move for a downward departure based on Mr. Rodriguez-Garcia's sixteen-level enhancement under USSG § 2L1.2(b)(1)(A) (1999), where the underlying "aggravated felony" was his conviction for attempted possession with intent to distribute a controlled substance for which he received 30 days in jail. The relevance of Application Note 5 and Amendment 632 was also to be addressed. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm. We deny a COA on the remaining issues.

Mr. Rodriguez-Garcia was convicted on a guilty plea of illegal reentry of a deported alien in violation of 8 U.S.C. § 1326. After granting his motion for a downward departure and lowering his criminal history from Category III to Category II, the district court sentenced him to the guideline minimum of 41 months' imprisonment, followed by 36 months' supervised release, and a fee of $100. In his subsequent § 2255 motion, Mr. Rodriguez-Garcia claimed that his sentence was too lengthy because his counsel had been ineffective in failing to move for a downward departure. He maintains that the predicate offense used for

the "aggravated felony" enhancement was so minor that a downward departure was appropriate. The district court denied the § 2255 motion.

To establish that counsel provided ineffective assistance, a defendant must show both that his attorney's representation was deficient and that the attorney's substandard performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). We review the district court's fact findings in a § 2255 proceeding under the clearly erroneous standard, and the performance and prejudice issues *de novo* because they involve mixed questions of fact and law. *United States v. Haddock*, 12 F.3d 950, 955 (10th Cir. 1993). We also review *de novo* the district court's interpretation of the sentencing guidelines. *United States v. Torres-Aquino*, 334 F.3d 939, 940 (10th Cir. 2003). Because Mr. Rodriguez-Garcia is representing himself on appeal, his pleadings will be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Mr. Rodriguez-Garcia alleges that his trial attorney provided constitutionally ineffective assistance because he did not request a reduction in the sixteen-level enhancement based on his prior aggravated felony. At the time he was sentenced, USSG § 2L1.2(b)(1)(A) required a sixteen-level enhancement if the defendant previously had been convicted of an aggravated felony, as defined in 8 U.S.C. § 1101(a)(43). Mr. Rodriguez-Garcia does not dispute that his underlying felony fits this definition. Therefore, we consider whether he was

entitled to a downward departure authorized by Application Note 5. [1] At issue

here is the condition that a downward departure was authorized if the term of

imprisonment imposed for the underlying offense did not exceed one year. USSG

§ 2L1.2, Application Note 5.

Even though Mr. Rodriguez-Garcia received a 30-day jail sentence as a

condition of his probation for the underlying felony, the sentence imposed was for

an indeterminate term of zero to five years. The fact that his sentence was

suspended is irrelevant; the "term of imprisonment" referred to in Application

Note 5 is the sentence imposed. *United States v. Marquez-Gallegos*, 217 F.3d

1267, 1269-70 (10th Cir. 2000). Moreover, "we measure the term of

imprisonment for an indeterminate sentence by the possible maximum term of

imprisonment," here, five years. *United States v. Chavez-Valenzuela*, 170 F.3d

1038, 1040 (10th Cir. 1999). Therefore, Application Note 5 does not apply to Mr.

Rodriguez-Garcia.

---

[1] At the time of Mr. Rodriguez-Garcia's sentencing, Application Note 5 to USSG § 2L1.2 stated in part:

> If subsection (b)(1)(A) applies and (A) the defendant has previously been convicted of only one felony offense; (B) such offense was not a crime of violence or firearms offense; and (C) the term of imprisonment imposed for such offense did not exceed one year, a downward departure may be warranted based on the seriousness of the aggravated felony.

Amendment 632 also does not apply. This amendment changed "§ 2L1.2(b)'s aggravated-felony enhancement to provide for an increase of eight to sixteen levels according to the seriousness of the earlier aggravated felony." *Torres-Aquino*, 334 F.3d at 940. It became effective on November 1, 2002, and may not be applied retroactively to reduce a defendant's sentence. *Id.* at 940-41. Mr. Rodriguez-Garcia was sentenced on December 11, 2000, before the amendment's effective date.

In conclusion, we hold that Mr. Rodriguez-Garcia has failed to demonstrate that his trial attorney's performance was constitutionally deficient or that he suffered any prejudice as a result of his attorney's representation.

The judgment of the district court is AFFIRMED. Issuance of a COA is denied on the remaining issues Mr. Rodriguez-Garcia raised. The mandate shall issue forthwith.

Entered for the Court

Michael R. Murphy
Circuit Judge