**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 6, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALEX OROZCO,

Defendant - Appellant.

No. 08-3085

(D. Kansas)

(D.C. No. 03-CR-40126-SAC)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **MURPHY**, and **HARTZ**, Circuit Judges.

---

After examining the briefs and the appellate record, this court has

determined unanimously that oral argument would not materially assist the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

Accordingly, the case is ordered submitted without oral argument.

Proceeding *pro se*, Alex Orozco appeals the district court's dismissal of the

Motion to Modify Sentence he brought pursuant to 18 U.S.C. § 3582(c)(2). On

May 18, 2005, Orozco pleaded guilty to one count of distributing

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

methamphetamine, in violation of 18 U.S.C. § 841(a)(1).  *United States v. Orozco*, 219 F. App'x 777, 777 (10th Cir. 2007).  The Government's motion to enforce an appeal waiver contained in Orozco's plea agreement was granted by this court and his direct appeal was dismissed.  *Id.* at 778.

Orozco then filed the § 3582(c)(2) motion that is the subject of this appeal. In his motion, Orozco argued his sentence should be modified based on changes made to § 4A1.2 of the United States Sentencing Guidelines.  *See United States v. Torres-Aquino*, 334 F.3d 939, 940 (10th Cir. 2003) ("Under 18 U.S.C. § 3582(c)(2), a court may reduce a previously imposed sentence if the Sentencing Commission has lowered the applicable sentencing range and 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'").  The Government sought dismissal of Orozco's motion, basing its argument on the following waiver provision in the plea agreement:

> Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence.  The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed.  By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court.  The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, . . . a motion brought under Title 18 U.S.C. § 3582(c)(2).

The district court granted the Government's motion and dismissed Orozco's § 3582(c)(2) motion.  The court concluded the issues Orozco sought to raise fell

within the scope of the waiver in his plea agreement which he entered into knowingly and voluntarily. *See United States v. Hahn*, 359 F.3d 1315, 1327 (10th Cir. 2004) (en banc). In the alternative, the district court concluded Orozco's claims failed on the merits.

Orozco filed the instant appeal, challenging the district court's dismissal of his § 3582(c)(2) motion. We have reviewed the record, the appellate briefs, and the applicable law and conclude the dismissal of Orozco's § 3582(c)(2) motion was clearly correct. Accordingly, the district court's order dismissing Orozco's motion is **affirmed** for substantially the reasons stated in the district court's order dated February 21, 2008.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge
