FILED
United States Court of Appeals
Tenth Circuit

August 6, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALEX OROZCO,

Defendant - Appellant.

No. 07-3315
(D. Kansas)
(D.C. Nos. 06-CV-3277-SAC
& 03-CR-40126-SAC)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **BRISCOE**, **MURPHY,** and **HARTZ**, Circuit Judges.

Proceeding *pro se*, Alex Orozco seeks to appeal the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. The matter is before this court on Orozco's request for a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B) (providing no appeal may be taken from a "final order in a proceeding under section 2255" unless the movant first obtains a COA). Because Orozco has not "made a substantial showing of the denial of a constitutional right," this court **denies** his request for a COA and **dismisses** this appeal. *Id*. § 2253(c)(2).

Orozco pleaded guilty to distribution of methamphetamine, in violation of 18 U.S.C. § 841(a)(1). Although the written plea agreement contained a waiver

of Orozco's right to directly appeal or collaterally attack his conviction and sentence, he filed a direct appeal with this court. *United States v. Orozco*, 219 F. App'x 777, 777 (10th Cir. 2007). The Government filed a motion seeking enforcement of the waiver. *Id.* This court concluded Orozco (1) sought to raise issues that fell within the scope of the appeal waiver and (2) knowingly and voluntarily entered into the plea agreement and waiver. Because enforcing the waiver would not result in a miscarriage of justice, the court granted the Government's motion and dismissed Orozco's appeal. *Id.*; *United States v. Hahn*, 359 F.3d 1315, 1327 (10th Cir. 2004) (en banc).

Orozco filed the instant § 2255 motion on February 1, 2008, asserting multiple ineffective assistance of counsel claims, including allegations his counsel was ineffective for failing to "perfect" a direct appeal,[1] and a claim his sentence was imposed in violation of *United States v. Booker*, 543 U.S. 220 (2005). The Government moved to dismiss Orozco's § 2255 motion based on the following waiver provision in the plea agreement:

> Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly . . . waives any right to challenge a sentence or

---

[1] We are puzzled by this claim in light of the fact that Orozco's counsel filed both a timely notice of appeal and an appellate brief arguing for a reduction in Orozco's sentence. *United States v. Orozco*, 219 F. App'x 777 (10th Cir. 2007).

otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 . . . .

The district court enforced the waiver of Orozco's right to collaterally attack his sentence or the manner in which it was determined and dismissed Orozco's § 2255 motion. *See Hahn*, 359 F.3d at 1325.

To be entitled to a COA, Orozco must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted). In evaluating whether Orozco has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at 338. Although Orozco need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Orozco's application for a COA and appellate filings, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El*, this court concludes he is not entitled to a COA. The district court's resolution of Orozco's

§ 2255 motion is not reasonably subject to debate and the issues he seeks to raise on appeal are not adequate to deserve further proceedings. Accordingly, this court **denies** Orozco's request for a COA and **dismisses** this appeal. His request to proceed *in forma pauperis* on appeal is **granted**.

ENTERED FOR THE COURT

Elisabeth A. Shumaker, Clerk