FILED
United States Court of Appeals
Tenth Circuit

November 3, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

PETER ANTHONY GUTIERREZ,

    Defendant-Appellant.

No. 11-5106

(D.C. No. 4:95-CR-0152-TCK-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **ANDERSON** and **BALDOCK**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.[**]

_____

In 1996, Defendant pleaded guilty to two federal firearms offenses. The district court sentenced Defendant to 235 months imprisonment, the low end of the applicable guideline range. Prior to 2010, the sentencing guidelines provided for two additional criminal history points if a defendant committed the crime at issue within two years of being released from imprisonment. These two "recency" points moved Defendant from criminal history category IV to category V. Defendant now argues that Amendment 742 to the guidelines, which removed the "recency" points from the guidelines, should apply

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

retroactively to his sentence. U.S.S.G. App. C, amend. 742 (effective Nov. 1, 2010). The district court rejected this argument. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm in part and dismiss in part.

## I.

Defendant pleaded guilty to possessing a firearm after a felony conviction in violation of 18 U.S.C. § 922(g)(1) and possessing stolen firearms in violation of 18 U.S.C. § 922(j). Each offense carried a statutory maximum of ten years imprisonment. Defendant's prior convictions, standing alone, yielded nine criminal history points, which would have resulted in criminal history category IV. But the sentencing guidelines imposed two additional points because Defendant "committed the instant offense less than two years after release from imprisonment" on a qualifying sentence. U.S.S.G. § 4A1.1(e) (1995). Defendant had been released from custody only three months prior to the offenses to which he pled guilty. Thus, the two recency points applied, increasing Defendant's criminal history points to eleven and his category to V. Based on an offense level of 34, Defendant's guideline range was 235 to 240 months under category V, but would have been 210 to 262 months under category IV. The district court sentenced Defendant to 235 months in prison.

In 2010, the United States Sentencing Commission adopted Amendment 742, which eliminated recency points under § 4A1.1. The Commission did not, however, designate Amendment 742 as an amendment that applies retroactively to allow a sentencing reduction. See U.S.S.G. § 1B1.10(c). Defendant subsequently filed a motion for resentencing pursuant to 18 U.S.C. § 3582(c)(2), raising two claims. First, Defendant

argued that under Amendment 742 he was entitled to a guideline range of 210 to 262 months.[1]   Defendant also claimed that the court should reduce his sentence based on the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005).  He argued that "the trial court was not able to take into account" the discretionary factors of 18 U.S.C. § 3553(a) at sentencing, but that "pursuant to Booker . . . [the district court] can now 'tailor' the sentence in light of" the § 3553(a) factors.  The district court rejected Defendant's first argument and concluded it had no jurisdiction to resentence Defendant under § 3582(c).  The district court failed to address Defendant's second argument.  Defendant now appeals.

## II.

We review de novo the district court's interpretation of a statute and the sentencing guidelines, as well as its determination regarding its own jurisdiction to modify a sentence.  United States v. Smartt, 129 F.3d 539, 540 (10th Cir. 1997).  A district court may only modify a previously imposed sentence "pursuant to statutory authorization."  United States v. Mendoza, 118 F.3d 707, 709 (10th Cir. 1997).  Section 3582(c)(2) permits a district court to modify a sentence when a defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy

---

[1] Defendant's motion referred to Amendment 5, but the district court recognized that Defendant was actually referring to Amendment 742.  Defendant's mislabeling may arise from the fact that Amendment 742 was the fifth amendment listed in the sentencing commission's May 2010 submission to Congress.  See U.S. Sentencing Commission, "Amendments to the Sentencing Guidelines, May 3, 2010," http://www.ussc.gov/ Legal/Amendments/Reader-Friendly/20100503_RFP_Amendments.pdf

statements issued by the Sentencing Commission." The applicable policy statement is U.S.S.G. § 1B1.10, which says a district court may reduce a sentence in cases involving "only the amendments listed in subsection (c)." U.S.S.G. § 1B1.10(b)(1). Subsection (c), entitled "Covered Amendments," does not include Amendment 742. Id. § 1B1.10(c). The guidelines reiterate that "[a] reduction in the defendant's term of imprisonment is . . . not authorized under 18 U.S.C. § 3582(c)(2) if . . . none of the amendments listed in subsection (c) is applicable to the defendant . . . ." Id. § 1B1.10(a)(2). The Supreme Court has recently confirmed that "[a] court's power under § 3582(c)(2) . . . depends in the first instance on the Commission's decision not just to amend the Guidelines but to make the amendment retroactive." Dillon v. United States, 130 S. Ct. 2683, 2691 (2010). Because Amendment 742 is not included in the list of retroactive Amendments, the district court had no authority to modify the sentence.

We faced a similar case in United States v. Torres-Aquino, 334 F.3d 939 (10th Cir. 2003). There, the defendant moved for modification under § 3582(c)(2) based on Amendment 632, which changed the applicable guideline range for an aggravated-felony enhancement. Id. at 940. We concluded the defendant was not entitled to a sentence modification because Amendment 632 was not listed in § 1B1.10(c). Id. at 941. Here, although the amendment is different, the analysis is the same. Amendment 742 is not one of the amendments listed in U.S.S.G. § 1B1.10, and therefore Defendant has no right to a

reduction in sentence under 18 U.S.C. § 3582(c)(2). Accordingly, we affirm as to Defendant's first claim.[2]

## III.

Defendant's second argument is that the district court "abuse[d] its discretion by applying the Guidelines as mandatory, because U.S.S.G. § 1B1.10 is at odds with 18 U.S.C. § 3582(c)(2) insofar as the statute was intended to authorize courts to exercise a certain amount of discretion in determining whether a reduction in sentence pursuant to a Guideline amendment is warranted." Defendant asks us to "remand on the issue of Booker non/mandatory guidelines." Defendant raised substantially the same claim in the district court. In his initial motion, Defendant's second argument focused on the district court's authority under Booker to "tailor" a sentence based on the § 3553(a) factors. See Booker, 543 U.S. at 245. Although Defendant's arguments on appeal are not identical to

---

[2] The Third Circuit has specifically addressed Amendment 742 on a direct appeal. United States v. Isaac, 655 F.3d 148, 158 (3d Cir. 2011). The defendant in Isaac challenged his recency enhancement under § 4A1.1(e) based on Amendment 742. Id. The court observed that "[t]he Sentencing Commission did not make the amendment retroactive." Id. The court said, "Under statute and our precedent, we do not have the authority to reduce a final sentence based on non-retroactive amendments." Id. In short, Defendant's motion for resentencing under § 3582 fails because Amendment 742 is not retroactive. The Fourth Circuit likewise has rejected the argument that Amendment 742 allows resentencing under § 3582. United States v. Newman, 2011 WL 2451712 (4th Cir. June 21, 2011) (unpublished) (rejecting a motion to modify a sentence because Amendment 742 "is not among those listed in USSG § 1B1.10(c) . . . and is therefore not retroactively applicable").

those he raised in the district court, we construe his *pro se* filings liberally and conclude that he preserved this issue for appeal.[3]  Erickson v. Pardus, 551 U.S. 89, 94 (2007).

The district court, however, failed to mention this second issue.[4]  Ordinarily, "a federal appellate court does not consider an issue not passed upon below."  Fogle v. Pierson, 435 F.3d 1252, 1262 (10th Cir. 2006) (quoting Fisher v. Oklahoma Health Care Auth., 335 F.3d 1175, 1186 (10th Cir. 2003)); see also Pac. Frontier v. Pleasant Grove City, 414 F.3d 1221, 1238 (10th Cir. 2005) ("Where an issue has been raised, but not ruled on, proper judicial administration generally favors remand for the district court to examine the issue initially.").  Where a defendant is proceeding *in forma pauperis*, however, the statute requires a court to dismiss a claim "at any time" if the court deems it to be frivolous.  28 U.S.C. § 1915(e)(2)(B)(i).  In Fogle, we dismissed several claims brought under the *in forma pauperis* statute that were not addressed by the district court but were "indisputably meritless."  Fogle, 435 F.3d at 1262–63.

If we construe Defendant's second claim as one for the retroactive application of Booker, our precedent clearly forecloses that claim.  "[L]ike Blakely, Booker does not

---

[3] Defendant's blending of § 3582 and § 3553 is understandable, given that § 3582(c)(2) allows the district court to reduce a sentence "after considering the factors set forth in section 3553(a)" when a defendant was sentenced under a retroactive guideline amendment.  The Supreme Court has explained that § 3582 creates a two-step process in which the district court must first determine whether a reduction is allowed under § 1B1.10, and second consider whether the authorized reduction is warranted by the § 3553(a) factors.  Dillon, 130 S. Ct. at 2691.

[4] The Government also ignored this second argument in its brief on appeal, even though Defendant articulated it under the heading "Second Issue" in his Form A-12 brief.  When the Government does not respond to an issue, it puts us at the disadvantage of considering an issue that is not fully briefed.

apply retroactively on collateral review . . . ." <u>United States v. Bellamy</u>, 411 F.3d 1182, 1188 (10th Cir. 2005). If we construe Defendant's § 3582 claim as a request for the district court to reweigh the § 3553(a) factors, the Supreme Court rejected such a claim in <u>Dillon</u>. The Court said § 3582 applies only "to a limited class of prisoners—namely those whose sentence was based on a sentencing range subsequently lowered by the Commission." <u>Dillon</u>, 130 S. Ct. at 2691. The statute does not authorize "a plenary resentencing proceeding." <u>Id.</u> Finally, to the extent Defendant argues § 1B1.10 is not mandatory after <u>Booker</u> and that the district court has discretion to treat Amendment 742 as retroactive, <u>Dillon</u> again controls. The court in <u>Dillon</u> said "[a] court's power under § 3582(c)(2) . . . depends in the first instance on the Commission's decision . . . to make the amendment retroactive." <u>Id.</u> Thus, no matter how we construe Defendant's second claim, it has no legal basis and is therefore frivolous. Accordingly, we dismiss Defendant's second claim.

AFFIRMED in part and DISMISSED in part.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge