FILED
United States Court of Appeals
Tenth Circuit

December 5, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

GILBERTO CRUZ-ARELLANES,

  Defendant - Appellant.

No. 11-4126
(D.C. Nos. 2:11-CV-00383-DB and
2:08-CR-00825-DB-1)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **EBEL**, and **GORSUCH**, Circuit Judges.

---

After Gilberto Cruz-Arellanes was sentenced for illegally reentering the country, the Sentencing Commission issued an amendment (Amendment 740) to the illegal reentry guideline. The amendment discusses when and under what conditions a district court might wish to depart downward due to a defendant's cultural assimilation. Seeking the benefit of this new guidance, Mr. Cruz-Arellanes filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2).

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The district court denied the motion, however, so Mr. Cruz-Arellanes now appeals.

We may review a district court's decision to deny a § 3582(c)(2) motion only for abuse of discretion. *United States v. Dorrough*, 84 F.3d 1309, 1311 (10th Cir. 1996). And here we see none. Section 3582(c)(2) empowers a district court to modify a defendant's original sentence *if* it was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and *if* "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The applicable policy statement in this case is U.S.S.G. § 1B1.10(a). That statement provides that district courts may only reduce a sentence under § 3582(c)(2) "as a result of an amendment to the Guidelines Manual listed in subsection (c)." And the amendment Mr. Cruz-Arellanes seeks to take advantage of, Amendment 740, is not listed in subsection (c). Accordingly, and as the district court recognized, it had no discretion to reduce the sentence in this case. *See* § 1B1.10(a)(2) ("A reduction in the defendant's term of imprisonment . . . is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [n]one of the amendments listed in subsection (c) is applicable to the defendant.").

Contrary to Mr. Cruz-Arellanes's suggestion, nothing in *United States v. Booker*, 543 U.S. 220 (2005), alters this conclusion. *See Dillon v. United States*, 130 S. Ct. 2683, 2691-93 (2010) (a district court's "power under § 3582(c)(2) . . . depends in the first instance on the Commission's decision not just to amend the

- 2 -

Guidelines but to make the amendment retroactive . . . . the Commission's retroactivity determinations . . . are binding").  Neither does his suggestion that Amendment 740 should be read as a "clarifying" rather than "substantive" amendment.  The status of an amendment as clarifying or substantive plays no role in determining whether a sentence "can be modified in a proceeding under § 3582(c)(2)."  *United States v. Torres-Aquino*, 334 F.3d 939, 941 (10th Cir. 2003).

Mr. Cruz-Arellanes's motion to proceed *in forma pauperis* is granted and the judgment of the district court is affirmed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge