FILED
United States Court of Appeals
Tenth Circuit

November 21, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

GEORGE W. JOHNSON III,

  Petitioner-Appellant,

v.

JUSTICE JONES, Director,

  Defendant-Appellee.

No. 12-6167

(W.D. of Okla.)

(D.C. No. 5:12-CV-00104-W)

---

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

---

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

---

George Johnson seeks a certificate of appealability (COA) to appeal the
district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus.
We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), and we construe
Johnson's filings liberally because he is proceeding pro se. *See Hall v. Bellmon*,
935 F.2d 1106, 1110 & n.3 (10th Cir. 1991). The district court properly

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

dismissed Johnson's petition with prejudice. Accordingly, we DENY the request for a COA and DISMISS the appeal.

## I. BACKGROUND

Johnson is a prisoner in the Oklahoma state prison system. He was convicted of child sexual abuse after entering a guilty plea. His convictions were entered in state district court in Garfield County, Oklahoma, on January 5, 2010. He did not appeal these convictions in the Oklahoma state courts, but he did seek post-conviction relief in those courts over one year later. Specifically, on May 3, 2011, he filed an application for post-conviction relief in state district court. On June 20, 2011, the court denied his application. The district court explained that Johnson had waived whatever claims he hoped to bring at the post-conviction stage by not raising them on direct appeal. The court also found that Johnson had not alleged facts sufficient to justify an appeal out of time.

Johnson then filed an application seeking an out of time appeal in the Oklahoma Court of Criminal Appeals (OCCA). On October 6, 2011, the OCCA denied his application, concluding the record supported the state district court's finding that Johnson had not been denied an appeal through no fault of his own.

On January 27, 2012, Johnson filed the current petition for habeas corpus in United States District Court for the Western District of Oklahoma. In the petition he challenged his sexual abuse convictions. The state of Oklahoma moved to dismiss Johnson's petition as untimely under § 2244(d)(1), which requires that a

habeas petition be filed within one year of when the state conviction becomes final. The petition was referred to a magistrate judge, who agreed with the state and recommended that the petition be dismissed as time-barred. The magistrate judge also found that Johnson had not provided sufficient evidence to warrant equitable tolling of the one-year limitations period. The district court concurred with the magistrate judge's recommendation and dismissed the petition.

After Johnson filed a notice of appeal, the district court construed the notice as a request for a COA. The court then denied the COA, as well as a motion by Johnson to proceed *in forma pauperis* (IFP).

## II. ANALYSIS

Because Johnson is a state prisoner, he must obtain a COA before he may appeal the district court's dismissal of his petition. 28 U.S.C. § 2253(c)(1)(A); *Montez v. McKinna*, 208 F.3d 862, 867–69 (10th Cir. 2000). The district court dismissed Johnson's petition on procedural grounds without reaching his underlying constitutional claims. To obtain a COA, Johnson must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Johnson has made no such showing as to the second prong of this analysis.

Johnson raises three issues on appeal in arguing that dismissal was improper. The first is irrelevant. Johnson argues that the Oklahoma state courts erroneously denied him an out-of-time appeal. Our review at this stage is for whether the district court properly dismissed his habeas petition as time-barred, not whether the Oklahoma court properly denied him state post-conviction relief on procedural grounds. Johnson also offers the frivolous argument that the timeliness provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA) do not apply to him because he is neither a terrorist nor on death row. AEDPA plainly applies to all habeas corpus petitioners. 28 U.S.C. § 2244(d)(1).

The only plausible basis for challenging the district court's dismissal is its conclusion that Johnson is not entitled to equitable tolling. Under AEDPA, state prisoners have one year from the day their state court conviction becomes final to file a habeas petition. 28 U.S.C. § 2244(d)(1). A state conviction is final either when direct review has concluded or when the period during which direct review can be sought has expired. *Id.*

Here, Johnson's conviction became final on January 15, 2010, ten days after his conviction was entered and the date upon which his opportunity to seek direct review expired. *See* Okla. Stat. tit. 22, § 1051; Rules of the Oklahoma Court of Criminal Appeals, Rule 4.2 (in order to appeal conviction following guilty plea, defendant must make motion to withdraw plea ten days after it was entered). Johnson filed his habeas petition more than one year after his

conviction became final.  Thus, the district court was correct to conclude that Johnson's petition will be time barred unless he can prove that he is entitled to equitable tolling.[1]

Johnson contends that he is entitled to equitable tolling based on the following: (1) a negligent attorney who failed to file his direct appeal, (2) a denial of his request for an evidentiary hearing in state court post-conviction proceedings, and (3) an inability to obtain legal advice while in prison.

The one-year limitation period can be equitably tolled if the petitioner can prove: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  Normally, "a claim of insufficient access to relevant law . . . is not enough to support equitable tolling." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).  Attorney negligence can provide the necessary "extraordinary circumstance," but this cannot be a "garden variety claim of excusable neglect." *Holland v. Florida*, 130 S. Ct. 2549, 2564 (2010) (quoting *Irvin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

Johnson's argument that he was wrongly denied an evidentiary hearing in state post-conviction proceedings has no bearing on the applicability of equitable

---

[1]  Johnson is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2), because he filed his application for state post-conviction relief after the one-year limitations period had already passed.  *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations.")

tolling. While an evidentiary hearing may (or may not) have assisted Johnson in developing his argument that he is entitled to equitable tolling, the denial of that hearing neither bolsters nor weakens his claim that he is entitled to such tolling.

Johnson also has not alleged or provided sufficient evidence that his lawyer's purported negligence prevented him from filing a state post-conviction application or habeas petition within the one-year limitations period. First, there is no credible evidence that Johnson's lawyer was negligent. Johnson claims his mother was present for the conversation in which he instructed his attorney to pursue a direct appeal, yet he has included no affidavit from her attesting to this fact. Second, even if the conversation occurred, Johnson does not claim that he had any additional contact with his attorney—aside from the one conversation— that reasonably led Johnson to believe that his attorney was diligently pursuing his appeal. The attorney's conduct, assuming it is true, is closer to a "garden variety claim of excusable neglect," *Holland*, 130 S. Ct. at 2564, rather than an "extraordinary circumstance" warranting equitable tolling, *Pace*, 544 U.S. at 418.

Johnson's allegation that he had difficulty obtaining assistance while in prison is also not sufficient. Johnson admits that at some point in prison he learned, "I was entitled to an appeal out of time." R., Vol. 1 at 9. Yet he does not explain what prevented him from filing for post-conviction relief beyond the fact that he was legally unsophisticated. As the magistrate judge's report noted, despite claiming ignorance, Johnson obtained some information from a law clerk

and had access to a contract attorney—but still did not file his petition in time. Because Johnson presents no additional extenuating circumstances explaining why he could not complete the filings, we cannot conclude that he is entitled to equitable tolling.

Accordingly, Johnson cannot show that reasonable jurists would differ over whether the district court properly dismissed his habeas petition.

## III.  CONCLUSION

Having concluded that no reasonable jurist could dispute the district court's denial of Johnson's petition, we DENY Johnson's request for a COA and DISMISS his appeal.

We also DENY Johnson's request to proceed on appeal IFP.  Because we have already concluded Johnson's claims have no merit, we agree with the district court's certification that the appeal is not taken in good faith.

ENTERED FOR THE COURT,

Timothy M. Tymkovich
Circuit Judge