FILED
United States Court of Appeals
Tenth Circuit

February 15, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SAMMY NICHOLS,

Defendant - Appellant.

No. 12-3171

D. Kansas

(D.C. No. 2:03-CR-20149-KHV-DJW-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **ANDERSON**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and the appellate record, this court has

determined unanimously that oral argument would not materially assist the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

Accordingly, the case is ordered submitted without oral argument.

In 2004, Appellant Sammy Nichols pleaded guilty to conspiracy to

distribute and possess with intent to distribute cocaine. At sentencing, the district

court found Nichols was responsible for 22.7 kilograms of cocaine base. After

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

making additional findings relating to Nichols's offense conduct, the court determined his total offense level was forty-one, his criminal history category was VI, and his advisory guidelines range was 360 months to life. The court imposed a 360-month sentence.

In 2012, Nichols filed a motion pursuant to 18 U.S.C. § 3582(c)(2) with the district court. In his motion, Nichols argued his sentence should be modified based on changes made to the United States Sentencing Guidelines by Amendment 750. *See United States v. Torres-Aquino*, 334 F.3d 939, 940 (10th Cir. 2003) ("Under 18 U.S.C. § 3582(c)(2), a court may reduce a previously imposed sentence if the Sentencing Commission has lowered the applicable sentencing range and 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'"). Amendment 750 retroactively "altered the drug-quantity tables in the Guidelines, increasing the required quantity to be subject to each base offense level." *United States v. Osborn*, 679 F.3d 1193, 1194 (10th Cir. 2012) (quotation omitted).

The district court noted that Amendment 750 raised the minimum threshold amount of cocaine base for an offense level of thirty-eight from 4.5 kilograms to 8.4 kilograms. *See* U.S.S.G. § 2D1.1(c)(1). Nichols's conspiracy offense involved 22.7 kilograms of cocaine base which, at the time of his sentencing, corresponded to a base offense level of thirty-eight. Because Nichols's offense conduct involved more than 8.4 kilograms of cocaine base, his base offense level

was not altered by Amendment 750.  The district court, thus, concluded it did not have authority under § 3582(c)(2) to grant Nichols the relief he sought because Amendment 750 did not have the effect of lowering his applicable guidelines range.  *See* U.S.S.G. § 1B1.10(a)(2).

Proceeding *pro se*, Nichols appeals the district court's ruling that he is not eligible for resentencing pursuant to 18 U.S.C. § 3582(c)(2).  Having reviewed the record, the appellate briefs, and the applicable law, we conclude the district court did not err in concluding it lacked authority to grant Nichols's § 3582(c)(2) motion.  Accordingly, the district court's disposition of Nichols's motion is **affirmed** for substantially the reasons stated in the district court's memorandum and order dated June 20, 2012.  Nichols's request to file an untimely reply brief and his motion to proceed *in forma pauperis* on appeal are both **granted**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge