FILED
United States Court of Appeals
Tenth Circuit

July 18, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JESSE JAMES RAMSEY, III,

Defendant-Appellant.

No. 14-6067
(D.C. Nos. 5:13-CV-01336-F &
5:10-CR-00120-F-1)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **GORSUCH**, **MURPHY**, and **HOLMES**, Circuit Judges.

Roughly two years after his conviction for federal felony drug offenses became final, Jesse Ramsey filed a motion seeking to have his conviction and sentence set aside. But, as the district court recognized, a federal habeas petitioner normally has only one year within which to seek collateral relief like this. *See* 28 U.S.C. § 2255(f). Of course, the deadline can be tolled for equitable reasons and so the district court gave Mr. Ramsey a chance to file a response explaining why he should receive the benefit of equitable tolling — or, indeed, to

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

explain any other reason why his claim shouldn't be dismissed as time-barred. In the end, however, Mr. Ramsey failed to persuade the district court and that court dismissed his case as untimely.

Mr. Ramsey now seeks to appeal this holding. To do so, he must first obtain a certificate of appealability. 28 U.S.C. § 2253(c). And to do that, he must show "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c)(2).

This much we cannot say Mr. Ramsey has accomplished. In his submission to this court, he insists that he failed to file within the one-year statute of limitations because his attorney never returned his phone calls and because he was led to believe he had more time by other prisoners. Though Mr. Ramsey argues that this entitles him to equitable tolling, our precedent requires us to hold otherwise. *See Johnson v. Jones*, 502 F. App'x 807, 809 (10th Cir. 2012) (rejecting petitioner's request for equitable tolling based on his attorney's failure to file appeal after petitioner instructed him to). Mr. Ramsey's request for leave to proceed *in forma pauperis* is granted, but his request for a COA is denied and this appeal is dismissed.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge

- 2 -