FILED
United States Court of Appeals
Tenth Circuit

April 7, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

v.

ISIDRO PEREA-HERNANDEZ,

       Defendant - Appellant.

No. 15-4130

D. Utah

(D.C. No. 2:12-CR-00698-TC-1)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **MURPHY**, and **PHILLIPS**, Circuit Judges.

After examining the briefs and the appellate record, this court has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Accordingly, the case is ordered submitted without oral argument.

Proceeding *pro se*, Isidro Perea-Hernandez appeals the district court's denial of the Motion for Modification or Reduction of Sentence he filed pursuant to 18 U.S.C. § 3582(c)(2). In 2013, Perea-Hernandez pleaded guilty to a one-

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

count information charging him with possession of methamphetamine with intent to distribute. *See* 21 U.S.C. § 841(a)(1). Perea-Hernandez and the government agreed that the five-year statutory minimum sentence mandated by 21 U.S.C. § 841(b)(1)(A)(viii) was "reasonable under 18 U.S.C. § 3553." See Fed. R. Crim. P. 11(c)(1)(C) (permitting the parties to a plea agreement to "agree that a specific sentence . . . is the appropriate disposition of the case"). The district court accepted the plea and sentenced Perea-Hernandez to the five-year mandatory minimum term of imprisonment which the court noted was "reasonable, despite the fact that [was] quite a departure" from the low end of the advisory guidelines range.

On January 28, 2015, Perea-Hernandez filed a § 3582(c)(2) motion, seeking a modification of his sentence. He asserted he was entitled to a two-level reduction in his offense level based on changes made to the United States Sentencing Guidelines by Amendment 782. *See* USSG app. C, Amend. 782 (reducing by two levels the base offense levels of crimes involving many of the controlled substances listed in the Guidelines' Drug Quantity Table). The district court denied Perea-Hernandez's motion.

We review the denial of a § 3582(c)(2) motion for abuse of discretion. *United States v. Sharkey*, 543 F.3d 1236, 1238 (10th Cir. 2008). The power of a district court to modify a defendant's sentence, however, is limited. *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996). "The scope of a district court's

authority in a [ ]sentencing [modification] proceeding under § 3582(c)(2) is a question of law that we review de novo." *United States v. Rhodes*, 549 F.3d 833, 837 (10th Cir. 2008).

"Under 18 U.S.C. § 3582(c)(2), a court may reduce a previously imposed sentence if the Sentencing Commission has lowered the applicable sentencing range and 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Torres-Aquino*, 334 F.3d 939, 940 (10th Cir. 2003). The Sentencing Commission's policy statement on sentence-modification is well-settled. It disallows sentence reductions when "an amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment.)." USSG § 1B1.10 cmt. n.1(A). When a defendant has been sentenced to a statutory mandatory minimum term of imprisonment which is lower than the amended guidelines range, a district court lacks jurisdiction to grant the defendant's § 3582 motion.

The five-year sentence Perea-Hernandez received is the statutory mandatory minimum set out in 21 U.S.C. § 841(b)(1)(A)(viii) for the crime of conviction. That statutory minimum was not affected by Amendment 782 and it is lower than the advisory guidelines that would have applied if the two-level reduction set out in Amendment 782 had been in effect when Perea-Hernandez

was sentenced.  Thus, the Amendment does not have the effect of lowering Perea-Hernandez's sentence and the district court lacked jurisdiction to modify his sentence.

We have reviewed the record, the appellate briefs, and the applicable law and conclude the district court did not err in ruling Perea-Hernandez was not eligible for a sentence reduction pursuant to § 3582(c)(2).  Dismissal for lack of jurisdiction rather than denial on the merits, however, was the appropriate disposition of Perea-Hernandez's § 3582(c)(2) motion.  *See United States v. Graham*, 704 F.3d 1275, 1279 (10th Cir. 2013).  We therefore **remand** the matter to the district court with instructions to **vacate** the order denying the motion and enter a new order **dismissing** Perea-Hernandez's § 3582(c)(2) motion for lack of jurisdiction.  Perea-Hernandez's motion to proceed in forma pauperis on appeal is **granted**.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge