FILED
United States Court of Appeals
Tenth Circuit

February 8, 2017

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JESSE JAMES RAMSEY, III,

Defendant-Appellant.

No. 16-6268
(D.C. No. 5:10-CR-00120-F-1)
(W.D. Oklahoma)

ORDER AND JUDGMENT[*]

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.

This appeal involves a request for a sentence reduction based on the U.S. Sentencing Guidelines. These guidelines state that certain amendments can be used to reduce a sentence through a motion under 18 U.S.C. § 3582(c)(2).

Mr. Jesse Ramsey invoked § 3582(c)(2) to reduce his sentence based on a guideline amendment (Amendment 794). But this amendment is not

---

[*]    The parties do not request oral argument, and we do not believe oral argument would be helpful. As a result, we are deciding the appeal based on the briefs. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

listed among the provisions allowing a sentence reduction under § 3582(c)(2). Thus, the district court concluded that it lacked jurisdiction to reduce the sentence. This conclusion was correct.

*The Conviction, Sentence, and Motion Under § 3582(c)(2).* Mr. Ramsey was convicted of using a communications facility to facilitate the acquisition of cocaine base. *See* 21 U.S.C. §§ 841(a)(1), 843(b). For this crime, the district court imposed a prison sentence of 96 months. Mr. Ramsey then filed a motion under 28 U.S.C. § 2255 to challenge the sentence. The district court dismissed the motion as untimely, and we denied a certificate of appealability. *United States v. Ramsey*, 572 F. App'x 604 (10th Cir. 2014) (unpublished).

Mr. Ramsey later moved for sentence reduction under 18 U.S.C. § 3582(c)(2) after the Sentencing Commission adopted Amendment 782. The district court granted the motion, reducing his sentence to 84 months. Mr. Ramsey again moved for a sentence reduction and pointed to Amendment 794, which revised the commentary to § 3B1.2 for mitigating-role adjustments. *See* U.S. Sentencing Guidelines Manual supp. app. C, amend. 794 (effective Nov. 1, 2015). In his *pro se* motion, Mr. Ramsey relied on § 3582(c)(2), Sentencing Guidelines §§ 1B1.10(a)–(c), and Federal Rule of Civil Procedure 60(b). The district court dismissed the motion based on a lack of jurisdiction.

2

*Standard of Review*. In deciding whether the district court correctly applied § 3582(c)(2), we engage in de novo review. *United States v. Rhodes*, 549 F.3d 833, 837 (10th Cir. 2008).

*Jurisdiction Under 18 U.S.C. § 3582(c)(2) and Sentencing Guidelines §§ 1B1.10(a)–(c)*. A district court has jurisdiction to modify a sentence only when expressly authorized by Congress. *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996). We thus consider congressional enactments.

One congressional enactment, 18 U.S.C. § 3582(c)(2), states that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered" by a guideline amendment, the court may reduce the sentence "if such a reduction is consistent with [the Sentencing Commission's] policy statements." 18 U.S.C. § 3582(c)(2). A reduction under § 3582(c)(2) is not consistent with the policy statements "if [] none of the amendments listed in subsection (d) is applicable to the defendant." U.S. Sentencing Guidelines Manual § 1B1.10(a)(2) (2016). Thus, the district court is not authorized to modify a sentence under § 3582(c)(2) if the relevant amendment does not appear in § 1B1.10(d). *United States v. Torres-Aquino*, 334 F.3d 939, 941 (10th Cir. 2003); *United States v. Avila*, 997 F.2d 767, 767 (10th Cir. 1993) (per curiam).

3

Mr. Ramsey argues that he is entitled to a § 3582(c)(2) reduction based on Amendment 794. But this amendment does not appear in § 1B1.10(d). Thus, the district court properly concluded that jurisdiction did not arise under either 18 U.S.C. § 3582(c)(2) or the sentencing guidelines.

Relying on opinions from other circuits, Mr. Ramsey insists that Amendment 794 applies retroactively as a clarifying amendment. But those opinions involved direct appeals rather than § 3582(c)(2) motions. *See, e.g., United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016); *United States v. Cruickshank*, 837 F.3d 1182, 1194 (11th Cir. 2016), *cert. pet. filed* (U.S. Dec. 19, 2016) (No. 16-7337).

In the context of a § 3582(c)(2) motion, it does not matter whether the amendment is clarifying or substantive, for that distinction involves "whether a defendant was correctly sentenced under the [G]uidelines in the first place" rather than the availability of a reduction based on subsequent amendment to the guidelines. *See United States v. Torres-Aquino*, 334 F.3d 939, 941 (10th Cir. 2003).[1] Thus, we "have no occasion to consider whether Amendment [794] was clarifying or substantive." *Id*.

---

[1]    In *Torres-Aquino*, we stated

The question whether an amendment to the guidelines is clarifying or substantive goes to whether a defendant was correctly sentenced under the guidelines in the first place, not to whether a correct sentence has subsequently been reduced by

*Jurisdiction Under Federal Rule of Civil Procedure 60(b)*. Mr. Ramsey also bases jurisdiction on Federal Rule of Civil Procedure 60(b). But the district court properly recognized that this provision does not trigger jurisdiction. Rule 60(b) "does not apply to a criminal proceeding" and is not "an independent source of jurisdiction in a criminal case." *United States v. Edge*, 315 F. App'x 92, 94–95 (10th Cir. 2009) (unpublished).[2]

*Recharacterization of the Motion for a Sentence Reduction*. The remaining question is whether to recharacterize Mr. Ramsey's motion as a request for leave to file a second or successive § 2255 motion. *See* 28 U.S.C. § 2255(h) (2012). We decline to recharacterize the motion in this manner because Mr. Ramsey could not satisfy § 2255(h). This section allows a second-or-successive motion based on newly discovered evidence or a new constitutional rule that the Supreme Court has made retroactive to cases on collateral review. *See id.*

---

> an amendment to the guidelines and can be modified in a proceeding under § 3582(c)(2). An argument that a sentence was incorrectly imposed should be raised on direct appeal or in a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

*Torres-Aquino*, 334 F.3d at 914.

[2] *Edge* is persuasive but not precedential.

Here Mr. Ramsey lacks newly discovered evidence and cannot take advantage of a newly recognized constitutional rule made retroactive by the Supreme Court. Thus, recharacterization of the motion would be futile.

* * *

In these circumstances, the district court properly dismissed Mr. Ramsey's motion based on a lack of jurisdiction. Thus, we affirm.

Entered for the Court


Robert E. Bacharach
Circuit Judge

6