**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 29, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ERLINDA RAMIREZ,

    Defendant - Appellant.

No. 14-6184
(D.C. No. 5:13-CR-00138-F-6)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **TYMKOVICH**, and **MORITZ**, Circuit Judges.
_____

Erlinda Ramirez appeals her convictions for (1) conspiracy to distribute, and conspiracy to possess with intent to distribute, controlled substances; (2) conspiracy to launder money; and (3) aiding and abetting money laundering. Defense counsel filed an *Anders*[1] brief and moved to withdraw as counsel. Ramirez declined to file a pro se

---

[*] After examining defense counsel's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] After conscientious examination of a case, an attorney who concludes an appeal would be "wholly frivolous" may "so advise the court and request permission to withdraw" from representation. *Anders v. State of Cal.*, 386 U.S. 738, 744 (1967).

response, and the government also declined to file a brief. We therefore base our decision on defense counsel's brief and our own review of the record.[2]

Erlinda Ramirez entered pleas of guilty to one count of conspiracy to distribute marijuana, cocaine, and methamphetamine, and to possess those substances with intent to distribute in violation of 21 U.S.C. §§ 841 and 846; one count of conspiracy to launder money in violation of 18 U.S.C. §§ 1956(a)(1) and (h); and seven counts of aiding and abetting money laundering in violation of 18 U.S.C. §§ 2 and 1956(a)(1)(B)(i). Based on her two prior felony convictions for controlled substance offenses, the PSR classified Ramirez as a career offender under U.S.S.G. § 4B1.1(b). As a result, the PSR increased both the offense level and Ramirez's criminal history category, yielding a Guidelines range of 262 to 327 months in prison. Nevertheless, the district court imposed a 240-month prison sentence.

Defense counsel first says Ramirez might challenge the classification of two Oklahoma drug convictions as prior convictions for purposes of treating her as a career

---

If the court agrees, "after a full examination of all the proceedings," that the appeal is wholly frivolous, it may grant the motion to withdraw and dismiss the appeal. *Id.*

[2] To satisfy our obligation to review the proceedings under *Anders*, we found it necessary to sua sponte supplement the record with a transcript of Ramirez's guilty plea hearing, which defense counsel did not designate as part of the record. *See United States v. Delacruz-Soto*, 414 F.3d 1158, 1161 (10th Cir. 2005) (explaining that counsel filing an *Anders* brief "generally should ensure that copies of all possibly relevant transcripts are included in the record on appeal"); *see also* 10th Cir. R. 10.1(A)(1). Additionally, defense counsel has failed to provide any citations to the appellate record. *See Delacruz-Soto*, 414 F.3d at 1160 (explaining that *Anders* allows an attorney withdraw after, *inter alia*, filing a brief that cites "those portions of the record that arguably support the appeal"). In the future, such failures may result in denial of defense counsel's *Anders* brief and motion to withdraw. *See id.* at 1161.

2

offender under U.S.S.G. § 4B1.1(a). Because Ramirez did not raise this issue below, we review for plain error. *United States v. Ferrel*, 603 F.3d 758, 763 (10th Cir. 2010).

According to the PSR, Ramirez has a 2009 conviction for possessing a controlled substance with intent to distribute in violation of Okla. Stat. Ann. Tit. 63, § 2-401 (West 2008), and a 2010 conviction for distributing a controlled substance in violation of Okla. Stat. Ann. Tit. 63, § 2-401 (West 2009). Both convictions resulted in prison sentences greater than one year; the convictions arose from different charging instruments; and the sentences for the convictions were imposed on different dates. Thus, we conclude the PSR accurately classified the convictions as prior convictions for controlled substance offenses under U.S.S.G. § 4B1.1(a). *See* U.S.S.G. §§ 4B1.2(b), (c)(2); *see also* U.S.S.G. § 4A1.2. We agree with defense counsel that this claim is frivolous.

Defense counsel says Ramirez might also complain that the district court impermissibly "double count[ed]" her prior Oklahoma drug convictions when it classified her as a career offender. Aplt. Br. at 5. Because Ramirez did not raise this issue below, we again review for plain error. *Ferrel*, 603 F.3d at 763.

To the extent Ramirez might argue that the district court erred in counting her prior convictions for controlled substance offenses twice—first to increase her criminal history category, and again to increase the offense level—the district court's use of the prior convictions comports with the plain language of the Guidelines. *See* U.S.S.G. § 4B1.1(b) (stating "career offender's criminal history category in every case . . . shall be Category VI," and requiring district court to increase offense level for career offender to offense level provided in § 4B1.1(b) if that offense level is "greater than the offense level

3

otherwise applicable"). To the extent Ramirez might instead suggest that the use of her prior convictions to increase her sentence runs afoul of the Double Jeopardy Clause, the United States Supreme Court has "consistently rejected double jeopardy challenges to recidivism statutes." *United States v. Andrews*, 447 F.3d 806, 810 (10th Cir. 2006) (discussing *Witte v. United States*, 515 U.S. 389 (1995)). We conclude this claim is also frivolous.

Next, defense counsel says Ramirez might argue her sentence is excessive. We interpret this argument as a challenge to the substantive reasonableness of Ramirez's sentence, and we review for abuse of discretion despite Ramirez's failure to challenge the length of her sentence as unreasonable below. *See United States v. Balbin-Mesa*, 643 F.3d 783, 786-87 (10th Cir. 2011) (reviewing defendant's substantive-unreasonableness claim for abuse of discretion); *United States v. Torres-Duenas*, 461 F.3d 1178, 1183 (10th Cir. 2006) ("[W]hen the claim is merely that the sentence is unreasonably long, we do not require the defendant to object in order to preserve the issue."). Ramirez's sentence of 240 months falls below the advisory Guidelines range, and is therefore presumptively reasonable. *See Balbin-Mesa*, 643 F.3d at 788. We see nothing in the record that would overcome this presumption. Thus, we find no abuse of discretion, and we conclude the claim is frivolous. *See id.* at 787 (explaining district court abuses its discretion if it renders judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable).

Finally, defense counsel says that Ramirez might argue she would not have entered a plea had she known ahead of time that the district court would impose a 240-

4

month prison sentence. We interpret this as an argument that defense counsel was ineffective in failing to accurately advise Ramirez regarding the potential sentence. We have consistently characterized ineffective-assistance-of-counsel claims raised for the first time on direct appeal as presumptively dismissible. *See, e.g.*, *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995). Without passing on the merits of Ramirez's claim, we conclude it would be frivolous to raise the claim on direct appeal because we would decline to consider it.

Because Ramirez's appeal presents only frivolous issues, we dismiss the appeal and grant defense counsel's motion to withdraw.

Entered for the Court,


Nancy L. Moritz
Circuit Judge