FILED
United States Court of Appeals
Tenth Circuit

June 21, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ERLINDA RAMIREZ,

    Defendant - Appellant.

No. 16-6335

(D.C. No. 5:13-CR-00138-F-6)

(W.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **PHILLIPS**, **McKAY,** and **McHUGH**, Circuit Judges.

Defendant-Appellant Erlinda Ramirez, a federal prisoner proceeding pro se,[1] filed

in the district court a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2)

and Amendment 794. The district court dismissed the motion for lack of jurisdiction, and

Ms. Ramirez timely appeals. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm

and also deny Ms. Ramirez's request to proceed on appeal in forma pauperis.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule Appellate Procedure 32.1 and 10th Circuit Rule 32.1.

[1] We construe Ms. Ramirez's pro se filings liberally. *See Smith v. Veterans Admin.*, 636 F.3d 1306, 1310 (10th Cir. 2011).

## I. BACKGROUND

On August 21, 2013, a federal grand jury returned a superseding indictment charging Ms. Ramirez with conspiring to distribute, and possess with intent to distribute, controlled substances, in violation of 21 U.S.C. § 846 (Count 1); conspiring to launder money, in violation of 18 U.S.C. § 1956(h) (Count 2); possessing methamphetamine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (Count 32); and aiding and abetting money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2 (Counts 36–42). Ms. Ramirez pled guilty to Counts 1, 2, and 36–42, and the district court dismissed Count 32.

In its revised presentence investigation report (PSR), the United States Probation Office recommended a guideline range of 262 to 327 months' imprisonment, based on a total offense level of 34 and a criminal history category of VI. Ms. Ramirez raised no objections to the PSR. The district court held a sentencing hearing on September 3, 2014, during which the court adopted the PSR and sentenced Ms. Ramirez to 240 months' imprisonment on each count to run concurrently. Ms. Ramirez appealed, and we granted defense counsel's motion to withdraw and dismissed the appeal after finding Ms. Ramirez raised only frivolous issues. *See United States v. Ramirez*, 613 F. App'x 711, 712–14, 712 n.1 (10th Cir. 2015) (unpublished). On July 15, 2015, Ms. Ramirez moved for a sentence reduction based on Amendment 782. The district court denied the motion, and Ms. Ramirez did not appeal.

Then, on November 1, 2015, the United States Sentencing Commission issued Amendment 794, which amended the commentary to United States Sentencing

Guidelines § 3B1.2. The Sentencing Commission issued the amendment because it found that minor role reductions under U.S.S.G. § 3B1.2 were being "applied inconsistently and more sparingly than the Commission intended." *United States v. Quintero-Leyva*, 823 F.3d 519, 522 (9th Cir. 2016) (quoting U.S.S.G. App. C. Amend. 794.)

In response, Ms. Ramirez moved under 18 U.S.C. § 3582(c)(2) for a sentence reduction based on Amendment 794. Ms. Ramirez maintained that Amendment 794 is a clarifying amendment to U.S.S.G. § 3B1.2 that retroactively entitled her to a minor role adjustment to her sentence. The district court disagreed and dismissed her motion for lack of jurisdiction. The court explained that the Sentencing Commission has not made Amendment 794 retroactive by listing it in U.S.S.G. § 1B1.10(d). And even if Amendment 794 should be retroactive because it is a clarifying amendment, rather than a substantive one, such an argument is not properly brought in a § 3582(c)(2) motion. Ms. Ramirez timely appealed.

## II. STANDARD OF REVIEW

"We review de novo a district court's interpretation of the sentencing guidelines." *United States v. Torres-Aquino*, 334 F.3d 939, 940 (10th Cir. 2003). We also review de novo a district court's conclusion that it lacks jurisdiction, using the same legal standard employed by the district court. *See United States v. Gay*, 771 F.3d 681, 685 (10th Cir. 2014) ("We review de novo the scope of a district court's authority to resentence a defendant in a § 3582(c)(2) proceeding.").

3

## III. ANALYSIS

Congress has granted jurisdiction to federal courts to reduce a previously imposed sentence if the Sentencing Commission has lowered the applicable sentencing range and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see also United States v. Gay*, 771 F.3d 681, 686 (10th Cir. 2014) ("A district court is authorized to modify a defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so."). The applicable policy statement states that a reduction in the term of a defendant's sentence is "not consistent with this policy statement" and therefore not authorized under § 3582(c)(2) if "[n]one of the amendments listed in subsection (d) is applicable to the defendant . . . ." U.S.S.G. § 1B1.10(a)(2); *see Dillon v. United States*, 560 U.S. 817, 821 (2010) (stating that U.S.S.G. § 1B1.10 is the applicable policy statement). Amendment 794 is not among the covered amendments listed in § 1B1.10(d) and thus has not been made retroactive by the Sentencing Commission. *See Dillon*, 560 U.S. at 826 (noting that Congress has charged the Commission "with determining whether and to what extent an amendment will be retroactive" (citing 28 U.S.C. § 994(u))). Accordingly, Ms. Ramirez is not entitled to relief under § 1B1.10. *See United States v. Torres-Aquino*, 334 F.3d 939, 940–41 (10th Cir. 2003) (holding that defendant was not entitled to a reduced sentence because the amendment on which he relied was not listed as a retroactive amendment in § 1B1.10).

Nonetheless, Ms. Ramirez insists that the district court could apply Amendment 794 retroactively because it is a clarifying amendment. But

> whether an amendment to the guidelines is clarifying or substantive goes to whether a defendant was correctly sentenced under the guidelines in the first place, not to whether a correct sentence has subsequently been reduced by an amendment to the guidelines and can be modified in a proceeding under § 3582(c)(2).

*Torres-Aquino*, 334 F.3d at 941. And "[a]n argument that a sentence was incorrectly imposed should be raised on direct appeal or in a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255." *Id.* Because Ms. Ramirez proceeded exclusively under § 3582(c)(2), we have no occasion to consider whether Amendment 794 applies retroactively as a clarifying amendment. *See id.* Ms. Ramirez is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) because Amendment 794 is not among the covered amendments listed in U.S.S.G. § 1B1.10(d). The district court correctly dismissed for lack of jurisdiction.

Lastly, Ms. Ramirez moves to proceed on appeal in forma pauperis. Prisoners seeking to proceed in forma pauperis must demonstrate "a financial inability to pay the required fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (internal quotation marks omitted). Ms. Ramirez's motion is denied because she is unable to show that her arguments on appeal are nonfrivolous.

## IV. CONCLUSION

The order of the Western District of Oklahoma is AFFIRMED, and Ms. Ramirez's motion to proceed in forma pauperis is DENIED.

Entered for the Court


Carolyn B. McHugh
Circuit Judge