**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

JAMES NORWOOD HUTCHING,

     Defendant - Appellant.

No. 18-7003
(D.C. No. 6:92-CR-00032-RAW-2)
(E.D. Oklahoma)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **HARTZ**, and **McHUGH**, Circuit Judges.
_____

James Norwood Hutching is a federal prisoner serving several life sentences

for a variety of murder, firearm, and drug-related convictions. He seeks to appeal the

district court's dismissal of his motion for resentencing under 18 U.S.C. § 3582(c)

and Federal Rule of Civil Procedure 60(b)(6).[1] For the reasons discussed below, we

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Hutching is proceeding pro se, "we liberally construe his filing but do not assume the role of advocate." *United States v. Viera*, 674 F.3d 1214, 1216 n.1 (10th Cir. 2012) (internal quotation marks omitted).

affirm the district court's dismissal of Mr. Hutching's 18 U.S.C. § 3582(c) motion. We further deny Mr. Hutching a certificate of appealability ("COA") on his Rule 60(b)(6) motion and dismiss that portion of his appeal.

## I.     BACKGROUND

Following a twenty-eight-count indictment for his involvement in a large California-based drug organization, the jury convicted Mr. Hutching on twenty-six counts, including interstate travel with intent to commit murder (Count 14) and killing an individual in furtherance of a continuing criminal enterprise (Count 16).[2] Mr. Hutching challenged all twenty-sex convictions on direct appeal and, with one exception not relevant here, we affirmed. *United States v. Hutching*, 75 F.3d 1453, 1457 (10th Cir. 1996). Mr. Hutching then filed his first 28 U.S.C. § 2255 motion for habeas relief alleging prosecutorial misconduct, illegal use of evidence under Federal Rule of Evidence 404(b), ineffective assistance of trial and appellate counsel, insufficient evidence to support his convictions, and improper or unlawful enhancement of his sentence. *United States v. Hutching*, 182 F.3d 934, 1999 WL 258010, at *1 (10th Cir. 1999) (Table). Excepting two convictions not relevant here, the district court denied Mr. Hutching's motion. *Id.* Upon review, we denied Mr. Hutching a COA and dismissed his appeal. *Id.* Prior to his current motion, Mr. Hutching sought habeas relief under § 2255 three other times and we denied him authorization to file a successive petition on each occasion.

---

[2] The facts underlying Mr. Hutching's convictions are detailed in *United States v. McCullah*, 76 F.3d 1087 (10th Cir. 1996).

Mr. Hutching's current appeal arises from a different procedural posture than his previous four motions seeking post-conviction relief. In October 2016, Mr. Hutching filed a motion for resentencing "under 18 U.S.C. [§] 3582(c) and/or Rule 60(b)(6)," asserting that he was entitled to a minor role sentencing adjustment under Amendment 794 of the Sentencing Guidelines. ROA at 338. Less than two weeks later, Mr. Hutching filed a "supplement to his motion to resentence . . . under 18 U.S.C. [§] 3582(c) and/or Rule 60(b)(6) and/or 28 U.S.C. [§] 2255." *Id.* at 343. In addition to the § 3582(c) resentencing argument, Mr. Hutching's supplement raised a variety of other issues, "including that the jury selection was 'faulty and prejudicial,' that the drug quantity was not supported by the record, that his probation officer was biased against him, and that the court responded improperly to a note from the jury." *United States v. Hutching*, No. CR-92-032-RAW, slip op. at 1 n.1 (E.D. Okla. Jan. 11, 2018).

The district court concluded it did not have jurisdiction to reduce Mr. Hutching's sentence under 18 U.S.C. § 3582(c) because Amendment 794 is not retroactive. *Id.* at 2–3. The court similarly concluded it did not have jurisdiction to grant Mr. Hutching relief under Rule 60(b) or 28 U.S.C. § 2255 because his motion was a successive § 2255 habeas motion for which he had not obtained authorization from this court. *Id.* at 1 n.1. On appeal, Mr. Hutching raises the same arguments, and we address each in turn.

## II.    DISCUSSION

### A.    18 U.S.C. § 3582(c)(2)

We review "the district court's interpretation of a statute or the sentencing guidelines" de novo and its "decision to deny a reduction in sentence under 18 U.S.C. § 3582(c)(2)" for an abuse of discretion. *United States v. Sharkey*, 543 F.3d 1236, 1238 (10th Cir. 2008) (quotations omitted). "We review de novo the district court's dismissal for lack of jurisdiction under § 3582(c)." *United States v. Jordan*, 853 F.3d 1334, 1338 (10th Cir. 2017).

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997) (quotations omitted). Because Mr. Hutching is not raising this claim on direct appeal or in a § 2255 motion for habeas relief, "the district court's discretionary authority is expressly limited by the scope of § 3582(c)." *See United States v. Brown*, 556 F.3d 1108, 1113 (10th Cir. 2009). Unless the motion asserts a "basis for resentencing [that] falls within one of the specific categories authorized by section 3582(c), the district court lack[s] jurisdiction" to consider the sentencing modification request. *Smartt*, 129 F.3d at 541. Under § 3582(c), a court may reduce a defendant's previously imposed sentence if "the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in [USSG § 1B1.10(d)]." USSG § 1B1.10(a)(1); *see United States v. Gay*, 771 F.3d 681, 686 (10th Cir. 2014) ("Courts may grant a sentence reduction under § 3582(c)(2) only where the

4

Sentencing Commission has lowered a prisoner's applicable guideline range."). But, if the relied upon amendment is not listed, "a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . is not authorized." *United States v. Torres-Aquino*, 334 F.3d 939, 940 (10th Cir. 2003) (quotations omitted); *see also* USSG § 1B1.10(a)(2)(A).

Mr. Hutching's § 3582(c) motion relies on Amendment 794, which amended the commentary discussing minor role sentencing adjustments under USSG § 3B1.2. We recently rejected Amendment 794 as a basis for post-conviction sentencing reductions in *United States v. Ramirez*, 698 F. App'x 943 (10th Cir. 2017). There, we denied Ms. Ramirez relief because "Amendment 794 is not among the covered amendments listed in § 1B1.10(d) and thus has not been made retroactive by the Sentencing Commission." *Id.* at 945. We again conclude Amendment 794 does not provide defendants with an avenue to seek reduced sentences under 18 U.S.C. § 3582(c). The district court correctly dismissed Mr. Hutching's motion for lack of jurisdiction.

### B. *Fed. R. Civ. P. 60(b)/28 U.S.C. § 2255*

Mr. Hutching also claims the district court erred in dismissing his motion seeking relief under Rule 60(b) or 28 U.S.C. § 2255. He asserts that he uncovered "newly discovered evidence," in the form of a 1993 newspaper article discussing the specific findings made by the jury during the sentencing phase of his trial, which "casts doubt" on his convictions for Counts 14 and 16. Aplt. Br. at 5. This argument stems from a note the jury sent to the judge during Mr. Hutching's trial asking for

5

clarification "on what it took to show someone caused someone else to do something." *Id.* at 3. Mr. Hutching's trial counsel asked the judge to inform the jury "they [had] heard the evidence and would have to decide that" on their own, rather than getting a definition from the court. *Id.* Mr. Hutching contends the district court had jurisdiction to grant him relief under Rule 60(b)(6) because the jury would not have convicted him if it had received "proper instructions for the note."[3] *Id.* at 4.

Relying on the actual innocence/miscarriage of justice exception to establish jurisdiction, Mr. Hutching seeks to appeal the district court's dismissal of his motion. But before he may do so, he must obtain a COA. *See United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008) ("[T]he district court's dismissal of an unauthorized [successive] § 2255 motion is a 'final order in a proceeding under section 2255' such that § 2253 requires petitioner to obtain a COA before he or she may appeal."). To obtain a COA, Mr. Hutching must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Because the district court dismissed his claim on procedural grounds, Mr. Hutching must show both "that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We focus our analysis on the latter prerequisite. To satisfy this requirement, Mr. Hutching must show that "jurists of reason would find debatable the

---

[3] Mr. Hutching does not indicate what he believes would qualify as "proper instructions," nor does he assert that the jury instructions for Counts 14 or 16 were inaccurate as a matter of law.

district court's decision to construe [his] Rule [60(b)] motion as a motion to vacate, set aside, or correct his sentence pursuant to § 2255." *See Harper*, 545 F.3d at 1233 (internal quotation marks and alteration omitted).

In making this determination, we look to "the relief sought, not [the] pleading's title." *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006). A "true" Rule 60(b) motion "does not challenge the merits of the district court's resolution of [the] § 2255 motion, but only an alleged defect in the integrity of the earlier § 2255 proceedings." *Peach v. United States*, 468 F.3d 1269, 1271 (10th Cir. 2006). In contrast, "a [Rule] 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006).

Mr. Hutching's motion unquestionably challenges the legality of his convictions and sentences—a claim properly treated as a successive § 2255 motion. *United States v. Baker*, 718 F.3d 1204, 1206 (10th Cir. 2013) ("A prisoner's post-judgment motion is treated like a second-or-successive § 2255 motion—and is therefore subject to the authorization requirements of § 2255(h)—if it asserts or reasserts claims of error in the prisoner's conviction."); *Spitznas*, 464 F.3d at 1216 (citing "a motion seeking to present a claim of constitutional error omitted from the movant's initial habeas petition" and "a motion seeking leave to present 'newly discovered evidence' in order to advance the merits of a claim previously denied" as examples of Rule 60(b) motions that should be construed as successive habeas motions). And because "a second or successive § 2255 motion cannot be filed in

7

district court without approval by a panel of this court," *Nelson*, 465 F.3d at 1148, which Mr. Hutching has not received, no reasonable jurist could debate the correctness of the district court's dismissal.[4]

### III. CONCLUSION

We AFFIRM the district court's dismissal of Mr. Hutching's 18 U.S.C. § 3582(c) motion, DENY his application for a COA, and DISMISS the appeal.

Entered for the Court


Carolyn B. McHugh
Circuit Judge

---

[4] Mr. Hutching also argues his counsel was ineffective for telling the court not to answer the jury's note, there was insufficient evidence to support his convictions and sentencing enhancements, he was improperly sentenced as a career offender based on legally ineligible predicate offenses for marijuana conspiracy, and witnesses lied to the court in an effort to incriminate him. As with his "newly discovered evidence" claim, these arguments relate to the validity of his convictions and sentences, not to a procedural ruling or defect in the habeas court proceedings. Therefore, these claims are properly treated as a successive § 2255 motion for which Mr. Hutching must obtain authorization from this court. *See Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006).